**Kathryn S. MARTIN, Plaintiff,**

v.

**UNITED STATES POST OFFICE, Defendant.**

**Civ. A. No. 3–89–1624–F.**

United States District Court,
N.D. Texas,
Dallas Division.

Nov. 13, 1990.

Kathryn Martin, Dallas, Tex., pro se.

Marvin Collins, U.S. Atty., Myrna Silen, Asst. U.S. Atty., Dallas, Tex., for defendant.

## MEMORANDUM ORDER AND OPINION

ROBERT W. PORTER, District Judge.

Before the Court is plaintiff's "Motion for Judgment Against the Defendant [sic] For Failure to Compleat [sic] Joint Status Report", filed on September 25, 1990. Also before the Court, upon reconsideration by the Court acting *sua sponte*, is Defendant's Motion to Dismiss, originally filed on October 13, 1989. In her motion for judgment, the plaintiff moves the Court to enter judgment against the defendant, due to the defendant's alleged failure to meet with the plaintiff for the purpose of compiling a joint status report, as required by this Court's Order of September 18, 1990.

Plaintiff attempted to meet with counsel for the defendant, Assistant U.S. Attorney Myrna Silen, on September 25, 1990. The plaintiff arrived at the U.S. Attorney's Office after telephoning the office and being told by the receptionist that Miss Silen was at work, but was not in her office at the time of the plaintiff's telephone call (Plaintiff's motion at pp. 2–3). Plaintiff has not alleged that she actually spoke with Miss Silen on September 25, 1990, or that she actually had an appointment scheduled with Miss Silen on September 25, 1990. Apparently, however, the receptionist was unaware that on September 25, 1990, Miss Silen had scheduled annual leave and the receptionist merely assumed that Miss Silen was in the office. Thus it appears that the plaintiff was misinformed as to Miss Silen's availability. This was an unfortunate situation of miscommunication, which should be corrected by the U.S. Attorney's Office; but it clearly appears that the mix-up cannot be blamed on Miss Silen, who was not present in the office and had no notice of the plaintiff's desire to meet with her on September 25, 1990, in order to conduct the status conference.

When Miss Silen returned to work the next day, and learned what had happened, she telephoned the plaintiff and was apparently told that the plaintiff had already filed a separate status report (Defendant's Status Report of September 28, 1990, p. 1). Accordingly, the defendant responded by filing "Defendant's Status Report" on September 28, 1990. As of November 7, 1990, however, the plaintiff has filed no document which can be construed as a status

report; thus it appears that it is the plaintiff who has not complied with the Court's Order of September 18, 1990. Because the Court is now fully apprised of the status of the case, no status report by the Plaintiff will be required.

■ The Court is of the opinion that Assistant U.S. Attorney Myrna Silen's unavailability on one particular day, her lack of actual knowledge of plaintiff's desire to conduct a conference, and her prompt effort to correct the situation by her telephone response to the plaintiff on the very next day, constitutes an insufficient basis for the Court to enter judgment in favor of the Plaintiff. Therefore, the plaintiff's motion for judgment is in all things DENIED.

## THE CURRENT POSTURE OF THIS CASE

The next matter before the Court concerns the current posture of this case. After carefully reviewing the record in this case, the Court has taken the opportunity to reconsider, *sua sponte* its prior rulings herein. After careful reconsideration, the Court is of the opinion that its Order of May 10, 1990, which Order adopted the U.S. Magistrate's Report and Recommendation of November 27, 1989, should be VACATED for the reasons discussed hereinafter.

## BACKGROUND

Plaintiff, a casual (temporary) employee of the United States Postal Service during late 1988 and early 1989, complains of unlawful practices by the Defendant regarding an alleged on-the-job injury of April 14, 1989.[1] Defendant moved to dismiss this cause, on October 13, 1989, contending that the Plaintiff's failure to exhaust administrative remedies deprives the district court of subject matter jurisdiction. On October

16, 1989, the Court referred the Defendant's motion to dismiss to the United States Magistrate for report and recommendation. By report filed November 27, 1989, the Magistrate recommended that the Defendant's motion to dismiss be denied. Defendant objected to the Magistrate's recommendation on December 4, 1989, and supplemented the objection on January 11, 1990. Plaintiff responded on January 25, 1990. By order of May 10, 1990, this Court adopted the Magistrate's recommendation of November 27, 1989, and, accordingly, denied the Defendant's motion to dismiss.

## THE MAGISTRATE'S REPORT AND RECOMMENDATION OF NOVEMBER 27, 1990

In his Report and Recommendation of November 27, 1990, the Magistrate states the following:

> By a pleading filed October 16, 1990, styled as a motion for judgment, Plaintiff makes clear that she does not seek relief pursuant to the provisions of Title VII [of the Civil Rights Act of 1964, as amended, 42 U.S.C. sec. 2000e *et seq.*] . . . [Rather], [m]any of Plaintiff's complaints concern what she considers to be failures to comply with the provisions of Title 5.

The pleading that the Magistrate is referring to is the plaintiff's "Motion For Judgment Against The Defendant U.S. Postal Service," filed on October 16, 1990, in which the plaintiff states the following on pages 3–4: (quoted verbatim) "Myrna B. Silen and James D. Mitchell swear that the plaintiff brings suit in this Court using Title VII and 42 USC Sec. 2000e *et seq.* instead of addressing the following doctrine and statutes the plaintiff did use:

1. Doctrine of Respondeat Superior

2. 18 USC 1922 [2]

---

1. The plaintiff's injury is described as "Mashed area of right arm [from] right wrist to 4 inches down [toward] elbow." (Item 14. Cause of Injury. U.S. Department of Labor Federal Employees' Notice of Traumatic Injury and Claim for Continuation of Pay/Compensation).

2. Title 18 U.S.C. sec. 1922, entitled "False or withheld report concerning Federal employees' compensation" provides that "[w]hoever, being

an officer or employee of the United States charged with the responsibility for making the reports of the immediate superior specified by section 8120 of title 5, willfully fails, neglects, or refuses to make any of the reports, or knowingly files a false report, or induces, compels, or directs the injured employee to forego filing of any claim for compensation or other benefits provided under subchapter I of chapter 81 of

3. 5 USC 8101 et seq.

4. 5 USCS Sec. 4301(2) & (3) [3]

5. 5 USCS Sec. 7513(31) & (32) [sic]

6. Rehabilitation Act (29 USCS Sec. 791)

7. 5 USCS 7901 Health Services Programs [4]

8. 5 USCS Sec. 7902 Safety Programs [5]

9. Merit Systems Principles Sec. 2301" [6]

Specifically, within her motion for judgment, plaintiff alleges the following: (quoted verbatim)

"[D]efendant through it's agents:

1. falsified a CAI form filled out on 4-4-89 by the plaintiff

2. Threatened to fire the plaintiff if she filled out that CAI form and filed for workman's compensation

3. Refused the plaintiff re-assignment because of handicap though requested in writing by various examining physicians including their own physician Dr. James M. Kelley, M.D.

4. Refuses to finish paying all of the plaintiff's continuation of pay totalling $585.00 though instructed to do so by the Dept. of Labor in an attached letter.

5. Has discharged plaintiff from her job contrary to 5 USCS Sec. 7513(7a)

6. Refused to submit all required employment information to the Dept. of Labor so plaintiff can obtain all of her properly computed worker's compensation which she is still drawing because she is disabled and under the doctor's care

7. Has ignored the hearing and ruling it requested of the Texas Employment Commission as to why the plaintiff was discharged and still contrarily states it was due to unsatisfactory work performance though sworn testimony by Dina Salinas and Kathryn Martin do not support this theory.

8. And has caused the plaintiff to file an injunction request with the Court because of it's harassing and coercive behavior through attempting to force the Plaintiff to go to some alleged physical examination for fitness of duty when they know the plaintiff is disabled and under the care of a Dept. of Labor approved doctor." ("Motion For Judgment Against The Defendant U.S. Postal Service," October 16, 1989, pages 6-9").

The plaintiff's characterization of her claims has been inconsistent. On one hand, in her motion for judgment of October 16, 1990, she states that she brings no "Title VII" (discrimination) claim, yet within the same motion she complains of certain alleged discriminatory action taken against her, or that she was otherwise penalized in her employment, on account of her handicap. Given this statement of her claim, and applying the applicable law, the Court concludes that it lacks subject matter jurisdiction to hear the plaintiff's claims, as is further discussed hereinafter.

## THE PLAINTIFF'S CLAIMS ARISING UNDER TITLE 5

Two categories of claims exist under Title 5 of the United States Code. The first

title 5 or any extension or application thereof, or willfully retains any notice, report, claim, or paper which is required to be filed under that subchapter or any extension or application thereof, or regulations prescribed thereunder, shall be fined not more than $500.00 or imprisoned not more than one year, or both."

**3.** These sections define the terms "employee" and "unacceptable performance."

**4.** Title 5 U.S.C. sec. 7901 is entitled "Health service programs" and provides that "[t]he head of each agency of the Government of the United States may establish, ... a health service program to promote and maintain the physical and mental fitness of employees under his direction ..."

**5.** Title 5 U.S.C. sec. 7902 is entitled "Safety Programs." Section 7902(b) provides that "[t]he Secretary of Labor shall carry out a safety program under section 941(b)(1) of title 33 covering the employment of each employee of the agency," and section 7902(d) provides that "[t]he head of each agency shall develop and support organized safety promotion to reduce accidents and injuries among employees of his agency, encourage safe practices, and eliminate work hazards and health risks."

**6.** The Court is unable to discern to what statute, regulation, or rule the plaintiff refers.

category consists of those claims arising under Title 5 U.S.C. sec. 7512.[7] The remedy for an employee against whom action is taken under sec. 7512 is provided in Title 5 U.S.C. sec. 7513, which remedy is "an appeal to the Merit Systems Protection Board under section 7701 of this title." A final decision of the Merit Systems Protection Board is a prerequisite to the subject matter jurisdiction of a court of law to hear appeals of claims brought under Title 5 of the United States Code.

An appeal of a final decision of the Merit Systems Protection Board which presents no discrimination claims may only be reviewed by the United States Court of Appeals for the Federal Circuit. Title 5 U.S.C. sec. 7703(b)(1). If the claim includes discrimination claims, judicial review of the final decision of the Merit Systems Protection Board is by a United States District Court. Title 5 U.S.C. sec. 7702(a)(3). However, before a federal employee may bring an employment-discrimination suit in federal court, he must exhaust available administrative remedies. *Rufus Hampton v. IRS, et al.,* 913 F.2d 180 (5th Cir.1990); *Porter v. Adams,* 639 F.2d 273 (5th Cir. 1981). In other words, this Court has no subject matter jurisdiction, pursuant to Title 5 U.S.C. sec. 7513, over plaintiff's claims arising under Title 5 U.S.C. sec. 7512, unless (1) a final decision by the Merit Systems Protection Board has been issued and (2) the claims involve alleged discrimination.

Plaintiff states in her motion for judgment of October 16, 1989, that she brings no Title VII (discrimination) claims. Thus, because of the absence of discrimination claims, the Court lacks jurisdiction under either Title 5 U.S.C. sec. 7702 or Title 42 U.S.C. sec. 2000e–16(c).

■ Plaintiff's only other claim, which could possibly be construed as a discrimination claim, is that the defendant refused to reassign her because of her handicap. This claim arguably arises only under Title 29 U.S.C. sec. 791, commonly known as the Rehabilitation Act.[8] Yet, defendant's affidavit in support of its motion to dismiss factually establishes that plaintiff has failed to exhaust her administrative remedies with respect to her discrimination claims. Therefore, plaintiff's possible claims of discrimination on account of handicap must be dismissed without prejudice, for failure to exhaust administrative remedies. *Rufus Hampton v. IRS, et al., supra.* Thus, in summary, to the extent that the plaintiff's claims arise under Title 5 U.S.C. sec. 7512, or under Title 29 U.S.C. sec. 791, said claims must be DISMISSED WITHOUT PREJUDICE.

■ The second category of claims arising under Title 5 consists of those claims arising under Title 5 U.S.C. sec. 8101 *et seq.,* The Federal Employees' Compensation Act. Claims arising under the Federal Employees' Compensation Act must be submitted to the Secretary of Labor for resolution and the action of the Secretary or his designee in allowing or denying a payment under sec. 8101 *et seq.* is "not subject to review by another official of the United States or by a court by mandamus or otherwise." Title 5 U.S.C. sec. 8128(b)(2); *Bailey v. United States, Through Department of Army,* 451 F.2d 963, 965 (5th Cir.1971); *Grijalva v. United States,* 781 F.2d 472, 474 (5th Cir.1986), *cert. denied,* 479 U.S. 822, 107 S.Ct. 89, 93 L.Ed.2d 42 (1986); *Soderman v. United States Civil Service Commission,* 313 F.2d 694 (9th Cir.1962), *cert. denied,* 372 U.S. 968, 83 S.Ct. 1089, 10 L.Ed.2d 131 (1963). Therefore, to the extent that the plaintiff's claims arise under Title 5 U.S.C. sec. 8101 *et seq.,* such claims

---

7. Title 5 sec. 7512, entitled "Actions covered" provides the following: "This subchapter applies to—(1) a removal; (2) a suspension for more than 14 days; (3) a reduction in grade; (4) a reduction in pay; and (5) a furlough of 30 days or less."

8. Three separate federal statutes prohibit discrimination against employees by the federal government: (1) Title 42 U.S.C. sec. 2000e–16 prohibits discrimination based on "race, color, religion, sex, or national origin"; (2) Title 29 U.S.C. sec. 633a prohibits discrimination based on age; and (3) Title 29 U.S.C. sec. 791 prohibits discrimination with regard to "handicapped individuals".

218

must be DISMISSED WITH PREJUDICE because such claims are not judicially reviewable.

■ A third conceivable category of claims alleged by the plaintiff, as identified by the Magistrate, is a possible constitutional claim of the denial of due process. On page 2 of his Report and Recommendation of November 27, 1989, the Magistrate states the following: "construing [plaintiff's] *pro se* pleadings liberally, her allegation that one or more agents of Defendant falsified information which was required to be submitted can fairly be construed as a complaint that she was denied due process by Defendant."

Liberal interpretation of a plaintiff's *pro se* pleadings is consistent with case law, especially in the context of a motion to dismiss. *See e.g., Miller v. Stanmore*, 636 F.2d 986 (5th Cir.1981) (in ruling on a motion to dismiss, *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers). Nonetheless, the plaintiff is not excused from her obligation to plead specific facts and proper jurisdiction, pursuant to Rule 8 of the Federal Rules of Civil Procedure. Constitutional claims must be pled with specificity. *See generally, Rankin v. City of Witchita Falls, Texas*, 762 F.2d 444 (5th Cir.1985) (to state a constitutional claim, the complaint must allege the sort of abuse of government power that is necessary to raise an ordinary tort by a government agent to the stature of a violation of the Federal Constitution). The Plaintiff's complaint must allege specific facts, not merely conclusory allegations. *Elliott v. Perez*, 751 F.2d 1472, 1479 (5th Cir.1985); Federal Rule of Civil Procedure 8(a)(2). It is not the Court's place to speculate or imagine what the plaintiff's claims may be.

The Court is unable to perceive the factual basis that the Magistrate may have relied upon to reach the conclusion that plaintiff's claim could be fairly construed as a denial of due process rising to the level of a constitutional claim upon which this Court could grant relief. At this juncture, there is no point in a semantic or legal quibble as to the proper characterization of the claim because regardless of the label given to this claim, two critical facts remain inescapable. The first is that the plaintiff has failed to exhaust her available administrative remedies with reference to this claim and therefore the Court lacks jurisdiction of it. The second is that the Magistrate erred in placing reliance on the Ninth Circuit decision of *Rodriguez v. Donovan*, 769 F.2d 1344, 1348 (9th Cir.1985) and ruling that the plaintiff was relieved of the exhaustion requirement. This is not the law in the Fifth Circuit.

The Fifth Circuit has ruled that a litigant who desires to present both common law tort claims and constitutional claims, must first present the claims to the appropriate federal agency for resolution prior to seeking relief in federal court. *Hessbrook v. Lennon*, 777 F.2d 999 (5th Cir.1985); C.f., 28 U.S.C. sec. 265; *Molinar v. United States*, 515 F.2d 246 (5th Cir.1975).[9] Thus, even if plaintiff purports to present a constitutional claim, it must be dismissed, at this juncture, without prejudice, for the plaintiff's failure to exhaust administrative remedies.

Accordingly, plaintiff's claims arising under Title 5 U.S.C. section 7512 are hereby ordered dismissed without prejudice. Plaintiff's claims arising under Title 5 U.S.C. sec. 8101 *et seq.* are hereby ordered dismissed *with prejudice.* Plaintiff's possible handicap discrimination claim and her constitutional claim of the denial of due process are hereby ordered dismissed without prejudice for failure to exhaust administrative remedies. The Court concludes that dismissal of this action, rather than a stay pending the exhaustion of administra-

9. "The exhaustion of administrative remedies doctrine requires not that only administrative remedies selected by the complainant be first exhausted, but instead that all those prescribed administrative remedies which might provide appropriate relief be pursued prior to seeking relief in the federal courts. (Citations omitted).

Such a policy is echoed by the FTCA itself, which requires that claims asserted under that Act [the Federal Tort Claims Act] be first submitted to the relevant agency. 28 U.S.C. sec. 2675(a); *see also* 28 C.F.R. sec. 14.2(b)(1)." *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir.1985).

tive remedies, is appropriate. *Gregory v. Mitchell*, 634 F.2d 199 (5th Cir.1981).

Any provisions of the United States Magistrate's Report and Recommendation of November 27, 1990 that are inconsistent with this Order are hereby ordered VACATED. For the reasons stated herein, therefore, it is ordered that defendant's motion to dismiss shall be and the same is hereby GRANTED and plaintiff's motion for judgment, etc., is DENIED;

ACCORDINGLY, this case is hereby ordered DISMISSED in its entirety with all costs taxed against the plaintiff.

SO ORDERED.