**TOTAL PLAN SERVICES, INC., et al.,**
**Plaintiffs–Appellants,**

v.

**TEXAS RETAILERS ASSOCIATION, et al., Defendants–Appellees.**

**No. 90–8290.**

United States Court of Appeals,
Fifth Circuit.

May 15, 1991.

Michael Diehl, R. James George, Jr., Eric G. Behrens, Graves, Dougherty, Hearon & Moody, Austin, Tex., for plaintiffs-appellants.

Joseph P. Kelly, Kelly, Stephenson & Marr, Victoria, Tex., for George Washington Life Ins., Co.

Mark L. Kincaid, Joe K. Longley, Long & Maxwell, Austin, Tex., for defendants-appellees.

ON PETITION FOR REHEARING AND
SUGGESTION FOR REHEARING
EN BANC

(Opinion March 6, 1991, 5th Cir.,
925 F.2d 142)

Before REAVLEY, JONES, and SMITH, Circuit Judges.

PER CURIAM:

In its petition for rehearing, Total Plan Services, Inc. (Total Plan), notes that although the opinion states that Total Plan had contacted individual TRA members to offer them lower premiums, this was only an allegation and not an established fact. We thus insert the word "allegedly" into

our factual description; the end of the second paragraph of part I then reads as follows:

> Pursuant to an earlier deal with plaintiff Total Plan Services, Inc. (Total Plan), George Washington allegedly began to contact individual TRA members....

Total Plan also believes that our opinion leaves open its claims for compensation under ERISA. This is incorrect. We affirmed because acting otherwise would result in enjoining a state court action. The state court still asserts jurisdiction over this case and all its related parts, an assertion that we cannot question under the Anti–Injunction Act.

Furthermore, even if we were to consider Total Plan's claim, we would be forced to deny it, as Total Plan simply raises the state law claim of breach of contract. Although it is true that ERISA allows for suit to recover losses occasioned by a fiduciary, Total Plan can only recover "any losses *to the plan.*" 29 U.S.C. § 1109(a) (emphasis added); *see Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 140, 105 S.Ct. 3085, 3089, 87 L.Ed.2d 96 (1985) ("recovery for a violation of [section 1109] inures to the benefit of the plan as a whole"). Because Total Plan is seeking to recover its own payments, rather than losses incurred by the plan itself, the district court properly dismissed this claim as one outside the scope of an ERISA action.

The petition for rehearing is DENIED, and no member of this panel nor judge in regular active service having requested that the court be polled on rehearing en banc (Fed.R.App.P. 35 and Fifth Cir. Loc. R. 35), the suggestion for rehearing en banc is DENIED.