Barbara CONSTANTINE,

v.

AMERICAN AIRLINES PENSION
BENEFIT PLAN, et al.

No. 4:01–CV–108–E.

United States District Court,
N.D. Texas,
Fort Worth Division.

July 5, 2001.

Joan M. Durkin, Attorney at Law, Law Office of J M Durkin & Associates, Hurst, TX, for plaintiff.

Suzanne H. Stenson, Attorney at Law, Fort Worth, TX, for defendants.

## MEMORANDUM OPINION AND ORDER

MAHON, District Judge.

Now before the Court is a "Motion to Dismiss" pursuant to Fed.R.Civ.P. 12(b)(6) filed by Defendants American Airlines Pension Benefit Plan ("the Plan"), American Airlines, Inc. ("American Airlines") and AMR Corporation ("AMR") (collectively referred to herein as "Defendants"). Evidencing a somewhat careless attitude, Plaintiff's counsel did not file an opposition response to Defendants' Motion to Dismiss until 24 days after it was due, in violation of Local Rule 7.1(e). In addition, after filing the tardy opposition response, Plaintiff's counsel submitted a "Motion to Correct Response to Defendants' Motion to Dismiss," which although granted by the Court, violated Local Rules 7.1(b) & (c). Thereafter, Defendants filed reply briefing to the Plaintiff's opposition response. This matter is finally ripe for the Court's consideration. After considering the record in this matter, along with the applicable law, the Court determines that the Motion to Dismiss should be GRANTED in part and DENIED in part for the reasons set forth below.

## I. BACKGROUND [1]

Plaintiff was employed as a ticket agent for Defendant American Airlines from June 15, 1974 through February 2, 1999. *See* Pl.'s Compl. at ¶ 8. Plaintiff alleges that in December 1998, she was accused of wrongdoing, which resulted in her placement on administrative leave for an unspecified amount of time. *Id.* at ¶¶ 12 & 14. After completing an investigation regarding Plaintiff's alleged wrongdoing, American Airlines terminated Plaintiff on February 2, 1999. *See id.*

Plaintiff alleges that from September 11, 1974 through February 2, 1999, she was credited by the Plan with "continuous service," and at her termination, her individual Plan account was seven months short of vesting for 25 years of service. *See* Pl.'s Compl. at ¶ 13. The Plan provides that upon 25 years of company service, employees become fully vested entitling them to a pension, health insurance benefits, and lifetime flight benefits. *Id.* at ¶ 11. Plaintiff asserts that she was wrongfully terminated, "for the sole reason of depriving [Plaintiff] the future [Plan] benefits that were to fully vest to [Plaintiff] and would have amounted to a substantial value." *Id.* at 13. Plaintiff, alleging causes of action under the Employment Retirement Income Security Act of 1974, 29 U.S.C. §§ 101 *et seq.* ("ERISA") and Texas common-law, brings this lawsuit against Defendants, seeking to recover the value of the lifetime benefits she would have received had she fully vested under the Plan. Defendants argue that Plaintiff has failed to state a claim upon which relief may be granted, and that this lawsuit should be dismissed.

---

1. Although Plaintiff's Complaint is poorly drafted and states virtually no facts to support its vague and conclusory allegations, the Court is mindful that a motion to dismiss under Rule 12(b)(6) should not be granted unless it appears to a certainty that Plaintiff would not be entitled to recover under any statement of facts which could be proved in support of her claim. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *C.C. Port, Ltd. v. Davis–Penn Mortgage Co.,* 61 F.3d 288, 289 (5th Cir.1995). With this standard in mind, the Court has attempted to piece together the facts of this case using Plaintiff's sparse Complaint. *See Myers v. Guardian Life Ins. Co. of America, Inc.,* 5 F.Supp.2d 423, 424 (N.D.Miss.1998); *but cf. Martin v. United States Post Office,* 752 F.Supp. 213, 218 (N.D.Tex.1990), *aff'd,* 929 F.2d 697 (5th Cir.1991) ("It is not the Court's place to speculate or imagine what the plaintiff's claims may be.").

## II. ANALYSIS

### A. Dismissal Standards Under Federal Rule 12(b)(6)

In evaluating a motion to dismiss under Rule 12(b)(6), this Court must construe a plaintiff's complaint in the light most favorable to a plaintiff and take the factual allegations contained in the complaint as true. *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir.1991); *Mann v. Adams Realty Co., Inc.*, 556 F.2d 288 (5th Cir .1977). A motion to dismiss should only be granted when a plaintiff could not prove any set of facts, under any reasonable reading of the complaint, which would entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Hitt v. City of Pasadena*, 561 F.2d 606, 607 (5th Cir.1977). "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere allegations." *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir.1989).

While a complaint need not outline all the elements of a claim, the complaint must be comprehensible and specific enough to draw the inference that the elements exist. *Walker v. South Cent. Bell Telephone Co.*, 904 F.2d 275, 277 (5th Cir.1990); *Ledesma v. Dillard Dept. Stores, Inc.*, 818 F.Supp. 983, 984 (N.D.Tex.1993) (Belew, J.). "Conclusory allegations and unwarranted deductions of fact are not admitted as true by a motion to dismiss." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir.1992). Moreover, the Court is under no obligation to "conjure up unplead allegations or construe elaborately arcane scripts to save a complaint." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir.1995).

### B. Travel Benefits are not Recoverable Under ERISA

■ Plaintiff alleges that as an American Airlines employee with 25 years of company seniority, she is entitled to "lifetime flight benefits" or travel benefits under the Plan. *See* Pl.'s Comp. at ¶¶ 9, 11. Plaintiff prays that "Defendants be ordered to provide [her with the] lifetime flight benefits" she would have received had she fully vested under the Plan. *See* Pl.'s Comp. at p. 6. However, as Defendant correctly asserts, travel benefits are not recoverable in an ERISA cause of action.

It is well-settled that ERISA does not regulate all employee benefits, but rather, only employee benefit plans. *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 11–12, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987). ERISA recognizes two types of benefit plans: "employee welfare benefit plans" and "employee pension benefit plans." 29 U.S.C. 1002(3). ERISA itself does not define "plan," and courts have looked to the purposes and policies of the statutory scheme in order to determine whether an employee benefit, or group of benefits, constitutes a benefit plan under ERISA. *See Massachusetts v. Morash*, 490 U.S. 107, 115, 109 S.Ct. 1668, 104 L.Ed.2d 98 (1989). The Administrator of Pension and Welfare Benefits Programs for the United States Department of Labor ("DOL") and several federal district courts have held that travel benefits are not considered pension benefit plans or welfare benefit plans under ERISA.

In 1981, the DOL issued an ERISA opinion letter dealing with the issue of whether an Eastern Airlines travel benefit program, offering space-available flight passes and reduced-rate travel benefits to employees, was an ERISA benefit. *See* DOL Opinion Letter 81–39A, 1981 ERISA LEXIS 48 (1981). The DOL concluded that because reduced travel rates are not one of the benefits enumerated in § 3(1) of ERISA, they were not part of an employee welfare benefit plan. *Id.* at *3. The DOL

also found that because travel benefits do not provide retirement or deferral income to employees, they cannot be considered a pension benefit plan under § 3(2) of ERISA. *Id.* at *4. Accordingly, the DOL held that reduced-rate travel benefits were not part of an employee benefit plan as defined by ERISA.

On March 26, 1999, the DOL revisited the issue of whether travel benefits are part of an employee benefit plan under ERISA when it issued an information letter addressing whether ERISA applied to the free or reduced cost travel passes offered to eligible former employees of Continental Air Micronesia, Inc. *See* DOL March 26, 1999 Information Letter, 1999 ERISA LEXIS 11 (1999) ("DOL Information Letter"). The DOL Information Letter recognized that

> individuals who leave airline employment may consider their former employer's free or reduced cost travel passes to constitute a valuable benefit that allows them to travel without having to use wages or other income to purchase an airline ticket. However, in the [DOL's] view, an airline's free or reduced cost travel passes for its employees that are non-transferable and cannot be exchanged for cash do not provide former employee with the temporary source of income replacement covered by Title I as "severance" or "unemployment" benefits.
>
> The [DOL's] conclusion concerning the non-covered status of an airline's free or reduced cost travel passes for former employees would remain unaffected even if an airline provides them through a plan that is otherwise covered by ERISA.

*Id.* at 8–9.

Several federal courts have also recognized that travel benefits are not covered under ERISA. For instance, in *Eaton v.*

*Delta Airlines*, 1988 U.S. Dist. LEXIS 15986 (D.Wash.1988), a Washington federal court considered whether an ERISA claim could be maintained by former Western Airlines employees, who were given reduced rate travel passes by Western, but whose travel passes were modified when the company was taken over by Delta Airlines. In response to the employees' argument that Delta's modification violated ERISA, the Court granted summary judgment in Delta's favor, holding *"travel benefits do not qualify as retirement income or as a deferral of income."* *Id.* at * 7–8 (emphasis added).

Likewise, in *Preuc v. Continental Micronesia, Inc.*, 1997 WL 538933 (D.Guam 1997), a Guam federal court held that free travel benefits offered as part of an airline's retirement plan was not part of a "welfare benefit plan" for the purposes of ERISA. *Id.* at *4–5. The Guam court based its decision on the fact that the employer provided the free travel benefits out of its own general assets, and did not create a separate fund to finance the benefits. *Id.* at *3. The Guam court found that the elimination of benefits paid out of an employer's general assets presented only a danger of defeated expectations, and ERISA is not concerned with such a danger. *Id.* at *4.

Finally, in *Prince v. American Airlines*, 1999 WL 796178 (S.D.N.Y.1999), a New York federal court dismissed a claim for reinstatement of travel privileges by a former American Airlines flight attendant. *Id.* at *6. Relying on the DOL advisory letters and cases set forth above, the New York Court found that

> airline sponsored reduced-rate travel privileges are not covered under Title I of ERISA. Accordingly, [the plaintiff's] claim regarding her Travel Card as an ERISA benefit is dismissed. *This claim does not fall within ERISA and no le-*

*gally cognizable basis for jurisdiction exists.*

*Id.* at *7 (emphasis added).

Based on the authorities discussed herein, Plaintiff cannot state a claim under ERISA for lost travel benefits. Accordingly, Plaintiff's ERISA claims based on lost travel benefits or lost lifetime flight benefits are dismissed for failure to state a claim upon which relief may be granted.

### C. Breach of Fiduciary Duty

In extremely vague and confusing language, Count Two of Plaintiff's Complaint purports to set forth a claim under ERISA for breach of fiduciary duty against American Airlines. Specifically, Plaintiff contends that American Airlines

> failed to monitor the performance of the fiduciaries of the Plan and failed to assure that such fiduciaries perform their duties in accordance with the requirements of ERISA.... [American Airlines] is therefore jointly and severally liable for the correction of the breaches of fiduciary duty specified in Count One.

*See* Pl.'s Compl. at 5.

Perplexingly, Count One of the Plaintiff's Complaint purports to plead an ERISA cause of action for "Claim for Benefits of the Plan" and not an ERISA cause of action for breach of fiduciary duty. Therefore, the Court finds itself in a state of confusion as to which, if any, of the three Defendants Plaintiff is asserting breached their fiduciary duties under ERISA. *See id.* at pp. 3–4. Be that as it may, Plaintiff has wholly failed to state a claim for breach of fiduciary duty under ERISA against any of the three Defendants.

The relief sought by Plaintiff · confirms that the breach of fiduciary duty claim is merely a disguised claim for benefits and,

as such, is untenable. Plaintiff prays that the "Plan be obligated to pay the Plaintiff the amounts currently in their [sic] accounts in the Plan and provide the Plaintiff with all benefits accrued to her." Pl.'s Compl. at 6.

ERISA provides for a cause of action for breach of fiduciary duty under three circumstances:

> [a] civil action may be brought—
>
> .       .       .       .       .
>
> (2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 [2] of this title;
>
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan....

29 U.S.C. § 1132(a). Therefore, a beneficiary can pursue a breach of fiduciary duty claim under § 1132(a)(2), § 1132(a)(3)(A), or § 1132(a)(3)(B).

In this case, Plaintiff's vague Complaint fails to invoke any particular subsection. However, because both the Complaint and Plaintiff's opposition response are devoid of any reference to "injunctive relief," the Court presumes that Plaintiff is not proceeding under § 1132(a)(3)(A).

■ Furthermore, the Court agrees with Defendants that a claim under § 1132(a)(2) must be premised upon harm to the entire Plan, rather than harm to a particular individual. *See McDonald v. Provident Indem. Life Ins. Co.,* 60 F.3d 234, 237 (5th Cir.1995); *McMahon v..*

---

**2.** Section 1109 details a fiduciary's liability    for breach of his or her duties.

*McDowell,* 794 F.2d 100, 109 (3d Cir.1986), *cert. denied,* 479 U.S. 971, 107 S.Ct. 473, 93 L.Ed.2d 417 (1987) (stating that "damages for breach of fiduciary duty do not go to any individual plan participant or beneficiary, but inures to the benefit of the plan as a whole"); *Murphy v. Wal–Mart Associates' Group Health Plan,* 928 F.Supp. 700, 710 (E.D.Tex.1996) (stating that in a claim under § 1132(a)(2), "[a]ny recovery would go to the ... plan"). Any reference to recovery on behalf of the Plan is absent from both Plaintiff's Complaint and Plaintiff's Opposition Brief. As previously stated, Plaintiff requests that Defendants be ordered to "provide the Plaintiff with all benefits accrued to her" Pl.'s Compl. at p. 6. Accordingly, the Court finds that Plaintiff has failed to state a claim for breach of fiduciary duty under § 1132(a)(2). *Accord Total Plan Servs., Inc. v. Texas Retailers Ass'n,* 932 F.2d 357, 358 (5th Cir.1991) (affirming dismissal of breach of fiduciary duty claim where plaintiff sought recovery of its own losses, rather than losses incurred by the ERISA plan itself).

■ The restrictions associated with § 1132(a)(2) do not apply to § 1132(a)(3)(B). Thus, an individual may bring suit against a fiduciary on her own behalf, rather than on behalf of the Plan as a whole. *See Matassarin v. Lynch,* 174 F.3d 549, 566 (5th Cir.1999); *Christopher v. Mobil Oil Corp.,* 149 F.R.D. 539, 549 (E.D.Tex.1993). In *Varity Corporation v. Howe,* 516 U.S. 489, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996), the Supreme Court held that ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), authorizes lawsuits by individuals breach of fiduciary duty seeking equitable relief and other injuries or "violations that [§ 1132] does not elsewhere adequately remedy." *Varity,* 516 U.S. at 512, 116 S.Ct. 1065; *see also Heimann v. National Elevator Industry Pension Fund,* 187 F.3d 493, 504 (5th Cir.1999)

(*quoting Varity,* 516 U.S. at 512, 116 S.Ct. 1065). However, to be entitled to relief for breach of fiduciary duty under § 1132(a)(3) a plaintiff must be provided with no other adequate relief under ERISA. *Varity,* 516 U.S. at 515, 116 S.Ct. 1065 ("where Congress elsewhere provides adequate relief for a [participant's] injury, there will likely be no need for further equitable relief, [and] such relief normally would not be appropriate."); *see also Walter v. Intern. Ass'n of Machinists Pension Fund,* 949 F.2d 310, 316 (10th Cir.1991) (ERISA does not provide a private cause of action for damages to compensate participants for delay in disclosing requested information); *Mein v. Pool Co. Disabled Int'l Employee Long Term Disability Benefit Plan,* 989 F.Supp. 1337, 1350 (D.Colo.1998) (dismissing claims for breach of fiduciary duty under § 1132(a)(3) where participant has available the remedy of enforcing the terms of the plan).

■ In the present case, Plaintiff has pled a claim for denial of benefits under the Plan. *See* 29 U.S.C. § 1132(a)(1)(B). Because Plaintiff has resorted to the principal remedy for ERISA claimants, she has also failed to state a claim under § 1132(a)(3) as described by the Supreme Court in *Varity.* As stated earlier, Plaintiff's breach of fiduciary duty claim is merely a disguised claim for failure to pay benefits. The only damages Plaintiff seeks to recover are benefits allegedly due her, along with interest, reasonable attorney's fees and costs. These remedies are all available to Plaintiff under section 1132(a)(1)(B). Because section 1132(a)(1)(B) provides an appropriate remedy, Plaintiff's claims for breach of fiduciary claims are not viable under section 1132(a)(3) and must be dismissed. *See Wald v. Southwestern Bell Corp. Customcare Med. Plan,* 83 F.3d 1002, 1006 (8th Cir.1996); *Roig v. The Limited Long*

*Term Disability Program,* 2000 WL 1146522 (E.D.La.2000); *Joyce v. Curtiss–Wright Corp.,* 992 F.Supp. 259, 270 (W.D.N.Y.1997), *afield,* 171 F.3d 130 (2d Cir.1999); *accord Tolson v. Avondale Industries, Inc.,* 141 F.3d 604, 610 (5th Cir. 1998) ("Because [the plaintiff] has adequate relief available for the alleged improper denial of benefits through his right to sue the Plan directly under section 1132(a)(1), relief through the application of Section 1132(a)(3) would be inappropriate."). Accordingly, any claim by Plaintiff for breach of fiduciary duty against any of the three Defendants is dismissed for failing to state a claim upon which relief may be granted.

### D. Breach of Duty of Good Faith and Fair Dealing

█ Plaintiff alleges that Defendant AMR breached its "duty of good faith and fair dealing to the Plaintiff regarding employment, dispute resolution procedures, and the entitlement to flight benefits of the Plaintiff." Pl.'s Compl. at ¶ 21. However, Plaintiff fails to state a claim upon which relief may be granted because the Texas Supreme Court holds that "there is no duty of good faith and fair dealing in the employment context." *City of Midland v.*

*O'Bryant,* 18 S.W.3d 209, 216 (Tex.2000); *see also Andrews Transport, Inc. v. CNA Reinsurance Co., Ltd.,* 2001 WL 376432 *6, n. 3 (N.D.Tex.2001)(Mahon, J.)(holding that an employee could not possibly state a cause of action for an implied covenant of good faith and fair dealing, "since the Texas Supreme Court has held that there is no duty of good faith and fair dealing in the employment context.").[3] Accordingly, Plaintiff has failed to state a cause of action for breach of the duty of good faith and fair dealing in the employment context against AMR and this cause of action must be dismissed.[4]

### E. Remaining ERISA Claims

Due to the vagueness and ambiguity of Plaintiff's Complaint, the Court finds itself in a quandary to determine whether Plaintiff is seeking to recover other benefits under the Plan which may or may not be covered by ERISA. As stated herein, Plaintiff has failed to state a claim upon which relief may be granted for an ERISA cause of action for recovery of travel benefits, an ERISA cause of action for breach of fiduciary duty against any of the three defendants, or a common-law cause of action for breach of the duty of good faith

**3.** Confusingly, Plaintiff directs the Court to Colorado and Wyoming state court decisions in her Response to the Motion to Dismiss for the proposition that **Texas** recognizes a duty of good faith and fair dealing in the employment context. *See* Pl.'s Resp. to Mot. to Dismiss at 3 (*citing Osband v. United Airlines,* 981 P.2d 616 (Colo.App.1998); *Garcia v. Uni-Wyo Fed. Credit Union,* 920 P.2d 642, 646 (Wyo.1996)). Of course, even the suggestion that these Colorado and Wyoming state court decisions control Texas law or overrule the Texas Supreme Court is utterly ridiculous.

**4.** Even if the Court were to contradict the Texas Supreme Court and find that a cause of action for breach of the duty of good faith and fair dealing exists in a employment context under Texas common-law, such a claim

would probably be preempted by ERISA. *See, e.g., Christopher v. Mobil Oil Corp.,* 950 F.2d 1209 (5th Cir.), *cert. denied,* 506 U.S. 820, 113 S.Ct. 68, 121 L.Ed.2d 35 (1992) (holding ERISA preempts any state law cause of action which relates to an employee benefit claim); *Lee v. E.I. DuPont de Nemours & Co.,* 894 F.2d 755, 756–58 (5th Cir.1990) (finding ERISA preemption where tort claim alleged misrepresentation of ERISA plan components); *Metroplex Infusion·Care, Inc. v. Lone Star Container Corp.,* 855 F.Supp. 897, 899 (N.D.Tex.1994)("As a general proposition, state common-law contract and tort claims that relate to an employee benefit plan and that are based upon laws of general application are preempted by ERISA.").

and fair dealing in the employment context against Defendant AMR.[5] Although the Court questions the frivolity of any other claim for pension benefits that Plaintiff may be attempting to assert, the Court will nevertheless give Plaintiff the chance to replead her lawsuit. However, the Court strongly cautions Plaintiff's counsel that in repleading they should bear in mind their obligations under Rules 8 and 11 of the Federal Rules of Civil Procedure. The Court further instructs Plaintiff's counsel that any future filings with the Court shall be **double-spaced** and written in **10 point type.** Finally, the Court strongly encourages Plaintiff's counsel to conduct more thorough legal research into Texas and Fifth Circuit legal precedent before filing an Amended Complaint.[6]

## IV. CONCLUSION

Based on the reasoning and authorities set forth in the forgoing Memorandum Opinion and Order, the Court finds that Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) should be GRANTED in part and DENIED in Part.

It is hereby ORDERED that Defendants' Motion to Dismiss Plaintiff's claims for travel benefits or lifetime flight benefits under ERISA against the Defendants is hereby GRANTED.

It is further ORDERED that Defendants' Motion to Dismiss

Plaintiff's claims for breach of fiduciary duty under ERISA against the Defendants is hereby GRANTED.

It is further ORDERED that Defendants' Motion to Dismiss Plaintiff's common law claims for breach of the duty of good faith and dealing against Defendant AMR is hereby GRANTED.

It is further ORDERED that Defendants' Motion to Dismiss Plaintiff's remaining ERISA claims is DENIED.

The Court further ORDERS that by **4:30 p.m. on Monday, July 23, 2001,** Plaintiff shall file an Amended Complaint

---

**5.** Although not addressed by the parties or considered by the Court in this Order and Opinion, the Court notes that it has serious questions as to whether, in light of the Court's rulings, AMR and American Airlines continue to be proper defendants in this lawsuit. There is a split in authority regarding whether a plan is the only proper defendant in a suit to recover benefits under ERISA. *Compare Riordan v. Commonwealth Edison Co.,* 128 F.3d 549, 551 (7th Cir.1997); *Lee v. Burkhart,* 991 F.2d 1004, 1009 (2d Cir.1993); *Gelardi v. Pertec Computer Corp.,* 761 F.2d 1323, 1324–25 (9th Cir.1985)(per curiam)(holding that ERISA permits suits to recover benefits under section 1132(a)(1)(B) only against the plan as an entity); *with Layes v. Mead Corp.,* 132 F.3d 1246, 1249 (8th Cir.1998); *Curcio v. John Hancock Mut. Life Inc. Co.,* 33 F.3d 226, 233 (3d Cir.1994); *Daniel v. Eaton Corp.,* 839 F.2d 263, 266 (6th Cir.1988)(proper party against whom a claim for ERISA benefits may be brought is the party that controls administration of the plan). The Fifth Circuit has not addressed this issue, but several district courts in this circuit have found that the Plan is the only proper party in a suit to recover benefits under § 1132(a)(1)(b). *See Roig v. The Limited Long Term Disability Program,* 2000 WL 1146522 *8–10 (E.D.La.2000); *Murphy v. Wal–Mart Assocs. Group Health Plan,* 928 F.Supp. 700, 710 (E.D.Tex.1996); *Crawford v. Exxon Corp.,* 851 F.Supp. 242, 244 (M.D.La.1994); *Holloway v. HECI Exploration Co. Employee's Profit Sharing Plan,* 76 B.R. 563, 570 (N.D.Tex.1987).

**6.** Because the Court is allowing Plaintiff to file an Amended Complaint, the Court will not consider Defendants' request that the Court dismiss Plaintiff's claim for reasonable attorney's fees and costs under section 502(g)(1) of ERISA. Pl's Compl. at ¶ 22. Of course, if after filing the Amended Complaint, Plaintiff again fails to state a cause of action under ERISA, Plaintiff's claim for attorney's fees and/or costs must be dismissed with prejudice. *See Johnson v. Harvey,* 1997 WL 394922 (E.D.La.1997).

specifically stating her claims against Defendants in light of this Order. Upon receiving Plaintiff's Amended Complaint, Defendants may file an Answer or refile their Motion to Dismiss, if necessary, without leave of the Court. Should Plaintiff opt not to replead, the Court will dismiss this entire action with prejudice.

IT IS SO ORDERED.