**James D. BOSWELL, Vanessa Lace Boswell, and Shauna Miroski**

**v.**

**HONORABLE GOVERNOR OF TEXAS, George W. Bush; Board of Trustees, Texas Christian Christian University; and the Adjutant General of Texas, Major General James**

No. 4:00–CV–1440–E.

United States District Court,
N.D. Texas,
Fort Worth Division.

Sept. 19, 2000.

James D. Boswell, Euless, TX, pro se.

Vanessa Lace Boswell, Euless, TX, pro se.

Shauna Miroski, Spice Wood, TX, pro se.

Peter J. Strelitz, Attorney General of Texas, General Litigation Div-019, Capitol Station, Austin, TX, for George Bush.

## ORDER

MAHON, District Judge.

Now before the Court is a Motion for Judgment on the Pleadings filed by Defendants, George W. Bush, Governor of Texas, and Major General James, Adjutant General of the Texas National Guard ("Defendants"). On August 22, 2000, the Court granted *pro se* Plaintiffs James Boswell, Vanessa Lace Boswell, and Shauna Miroski ("Plaintiffs") an extension to respond to Defendants' motion. On September 5, 2000,[1] the Plaintiffs filed a document entitled "Motion For Leave to File an Amended Pleading Entitled 'Plaintiffs' Amended Federal Petition" and attached their proposed 197 page amended complaint with more than 500 pages of exhibits.

In their Motion for Leave to Amend, Plaintiffs state that it is "filed in opposition to dismissal and for any judgment on the pleadings," therefore, the Court will consider Plaintiffs' motion as an opposition response to Defendants' Motion for Judgment on the Pleadings.[2] After carefully considering the submissions of the parties and the applicable law, the Court makes the following determination.

---

1. Inexplicably, on September 5, 2000, the same day Plaintiffs filed their Motion for Leave to Amend in this Court, Plaintiffs also filed a lawsuit styled *Boswell, et al v. Board of Trustees, Texas Christian University, et al,* Cause No. 4:00–CV–1526–Y, in the court of Judge Terry Means. Plaintiffs' new lawsuit appears to involve the same parties and claims as the present lawsuit, with the addition of a new party, the U.S. Secretary of the Army.

The Court has further learned by reviewing the records of other lawsuits filed by Plaintiffs in the Ft. Worth Division of the Northern District of Texas that on January 29, 1999, Judge Means entered a final judgment and dismissed a lawsuit styled *Boswell v. Cohen, et al.,* Cause No. 4:00–CV–168–Y which appeared to involve claims strikingly similar to the current lawsuit.

2. In their motion, Plaintiffs state that their "first choice is to separate the federal actions and federal defendants from the state. So the first motion is for remand but the courts [sic] hands may be tied . . . ." Plaintiffs' Motion for Leave to Amend at 1. They appear to ask the Court to remand this case back to state court. However, Plaintiffs do not present any valid or arguable basis for remand in their motion, therefore, the Court will not construe the Plaintiffs' motion as a motion to remand.

Plaintiffs also appear to request the Court to conduct a weekly conference call with the parties. Plaintiffs' Motion for Leave to Amend at 8. Plaintiffs apparently want to solicit legal advice and instruction from the Court on how to proceed in their lawsuit. Even though Plaintiffs are *pro se,* the Court feels that their request for a weekly meeting is improper and not in keeping with the procedural requirements of the federal courts.

## I. BACKGROUND

Plaintiffs initially filed this lawsuit in state court on or about March 24, 2000 with the filing of a 106 page Original Petition, which Defendants subsequently answered on April 19, 2000. On July 12, 2000, Plaintiffs amended their petition, appearing to assert federal causes of action, adding thirty-four (34) additional pages of text to the Original Petition. The Defendants then removed the lawsuit to this Court on August 2, 2000.

Plaintiffs' pleadings are a morass of garbled text filled with unconnected facts and legalese, ambiguously referring to multiple, unrelated causes of action.[3] Although it is impossible for the Court to determine with any degree of certainty, Plaintiffs' claims appear to be connected to James Boswell's service in the U.S. Army as a Reserve Officer Training Corps ("ROTC") instructor at Texas Christian University during the mid–1980's.

Defendants contend that, for various reasons, Plaintiffs' Complaint fails as a matter of law and should be dismissed. Specifically, Defendants contend that: (1) Plaintiffs' lawsuit is frivolous; (2) Plaintiffs' complaint fails to state a claim for which relief can be granted, (3) Plaintiffs have failed to plead a claim with sufficient particularity; (4) Plaintiffs have failed to plead a claim that is simple, concise, and direct; (5) Defendants, in their official capacities, are protected from suit by the Eleventh Amendment; (6) Defendants, in their individual capacities are entitled to qualified immunity; and (7) Plaintiffs' suit is barred by the *Feres Doctrine*. Defendants' Motion for Judgment on the Pleadings at 2.

## II. DISCUSSION

■ A party may move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) after the pleadings are closed and when it would not delay the trial. *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir.1999); *St. Paul Insurance Company of Bellaire, Texas v. AFIA Worldwide Insurance Company*, 937 F.2d 274, 279 (5th Cir.1991); Fed. R. Civ. Pro. 12(c). A court considering a Rule 12(c) motion for a judgment on the pleadings must look only at the pleadings and accept the well-pleaded allegations contained in them as true. *Hebert Abstract Co., Inc. v. Touchstone Properties, Ltd.*, 914 F.2d 74, 76 (5th Cir.1990). When a defendant, like the present Defendants, raises the defense of failure to state a claim upon which relief

---

**3.** A gleaning of Plaintiffs' Original Petition, which Plaintiffs have described as a "class action" reveals citations to the following: Texas Education Code § 61.001, the Texas and Federal Whistleblower Acts, Title VII of the Civil Rights Act of 1964, and "violations of 10 U.S.C., 18 U.S.C., 28 U.S.C. (under 29 CFR 1614.408), 31 U.S.C., 38 U.S.C. and 42 U.S.C. and Public Law 103–353 and viloation[s] of constitutional ... Amendments I, V, VI, VII, XIII, XVI and the equal protection clause." Plaintiff's Original Petition at 1–2. Plaintiffs further appear to attempt to allege several common law causes of action including: fraud, misrepresentation, retaliation, negligence, and breach of fiduciary duty.

Confusingly, Plaintiffs cite to numerous sections or articles found in the legal treatise, Prosser and Keeton on Torts. These sections include: infliction of mental distress, violation of statute, interference with use and enjoyment of private property, breach of contract, contributory negligence, misuse, and other intervening misconduct, misrepresentation, defamation, libel and slander, right of privacy, abuse of process, interference with family relations, injuries to members of the family, interference with perspective advantage, undermining public policy, and interference with individual expressed contracts. At various points in their petition, Plaintiffs seem to also request the Court to grant them declaratory, monetary, or injunctive relief, which is perplexing given unintelligible state of Plaintiffs' petition.

may be granted in a motion for judgment on the pleadings, a court may simply treat the motion as if it were a motion to dismiss. *Jones,* 188 F.3d at 324; *National Ass'n of Pharmaceutical Mfrs. v. Ayerst Laboratories,* 850 F.2d 904, 909 n. 4 (2d Cir.1988); *George C. Frey Ready–Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp.,* 554 F.2d 551, 553 & n. 2 (2d Cir. 1977); *see also* Fed.R.Civ.P. 12(h)(2) (providing that the defense of failure to state a claim may be raised in a Rule 12(c) motion). A ruling on a Rule 12(c) motion for judgment on the pleadings based on the failure to state a claim is reviewed under the same standard as a motion to dismiss under Fed.R.Civ.P. 12(b)(6). *GATX Leasing Corp. v. Nat'l Union Fire Ins. Co.,* 64 F.3d 1112, 1114 (7th Cir.1995); *St. Paul Ins. Co.,* 937 F.2d at 279; *Puckett v. United States,* 82 F.Supp.2d 660, 663 (S.D.Texas 1999).

■ The Court may dismiss a claim when it is clear that a plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Fee v. Herndon,* 900 F.2d 804, 807 (5th Cir.1990). "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere allegations." *Elliott v. Foufas,* 867 F.2d 877, 881 (5th Cir.1989). While a complaint need not outline all the elements of a claim, the complaint must be comprehensible and specific enough to draw the inference that the elements exist. *Walker v. South Cent. Bell Telephone Co.,* 904 F.2d 275, 277 (5th Cir.1990); *Ledesma v. Dillard Dept. Stores, Inc.,* 818 F.Supp. 983, 984 (N.D.Texas 1993). Furthermore, " '[c]onclusory allegations and unwarranted deductions of fact are not admitted as true' by a motion to dismiss." *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir.1992) (quoting *Associated Builders, Inc. v. Alabama Power Company,* 505 F.2d 97, 100 (5th Cir.1974)). The ultimate

question in considering a motion to dismiss is whether the complaint states a valid cause of action when it is viewed in the light most favorable to the plaintiff. *Lowery v. Texas A & M University Sys.,* 117 F.2d 242, 247 (5th Cir.1997).

■ The Court is mindful that the Federal Rules of Civil Procedure require a party to formulate their pleadings in a manner that is organized and comprehensible. Even *pro se* litigants, like Plaintiffs in this case, must abide by the Federal Rules of Civil Procedure. *See U.S. v. Wilkes,* 20 F.3d 651, 653 (5th Cir.1994); *Jarrell v. Tish,* 656 F.2d 237, 239 (D.C.Cir. 1987).

Federal Rule of Civil Procedure 8(a)(2) recognizes that a complaint should contain a "short and plain statement" of a plaintiff's claims. Fed.R.Civ.P. 8(a)(2). Also, Rule 8(e)(1) provides that although no technical forms of pleadings are required, each claim shall be "simple, concise, and direct." Fed.R.Civ.P. 8(e)(2). It is further recognized that a *pro se* plaintiff is not excused from his "obligation to plead specific facts and proper jurisdiction, pursuant to Rule 8 of the Federal Rules of Civil Procedure." *Martin v. United States Post Office,* 752 F.Supp. 213, 218 (N.D.Texas 1990); *see also Rankin v. City of Wichita Falls, Texas,* 762 F.2d 444 (5th Cir.1985). In addition, Rule 10(b) directs parties to separate their claims within their pleadings and provides that "the contents of which shall be limited as far as practicable to a single set of circumstances." Fed.R.Civ.P. 10(b). In the end, "[i]t is not the Court's place to speculate or imagine what the plaintiff's claims may be." *Martin,* 752 F.Supp. at 218.

■ Even though Plaintiffs' pleadings and amendment contain more than 140 pages of text, with vague citations to several claims, Plaintiffs' pleading fails to state why Defendants have been included

in the lawsuit or the specific acts which form the basis for the potential liability of Defendants, and is replete with bald, disjointed assertions. Plaintiffs have wholly failed to sufficiently plead the elements of, or legal conditions for, any cause of action against Defendants. Likewise, Plaintiffs' 197 page proposed amended complaint and its over 500 pages of disorganized exhibits suffer from these same deficiencies. Plaintiffs have adopted what can be described as a "shot-gun" approach, reciting pages of unrelated facts combined with cryptic legalese only serving to confuse the reader. Both the original and proposed amended pleadings fail to provide the barest notice of any cause of action.

■ The Court is mindful that a *pro se* plaintiff's pleadings are to be held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). However, even under this liberal standard, long applied by this Court, the Court cannot determine the nature of Plaintiffs' claims without resorting to improper speculation. Further, the confusing nature of Plaintiff's claims also forces Defendants to speculate as to the nature of Plaintiffs' causes of action, handicapping Defendants and making them unable to defend themselves in this lawsuit.

## CONCLUSION

■ Plaintiffs have failed to state a claim upon which relief may be granted. This Court holds that dismissal of Plaintiffs' claims is warranted based on their failure to provide an intelligible complaint in compliance with the Federal Rules of Civil Procedure.[4] However, when dismissal of a *pro se* complaint is warranted, it should generally be without prejudice in

order to afford the plaintiff an opportunity to refile the lawsuit if appropriate. *Good v. Allain,* 823 F.2d 64, 67 (5th Cir.1987); *Moawad v. Childs,* 673 F.2d 850, 851 (5th Cir.1982). Therefore, because the Court is unable to perceive a viable claim in Plaintiffs' pleadings, the Court hereby dismisses this lawsuit without prejudice.

Accordingly, it is ORDERED that Defendants' Motion for Judgment on the Pleadings is GRANTED.

It is further ORDERED that Plaintiffs' Motion for Leave to File an Amended Pleading entitled "Plaintiffs' Amended Petition" is DENIED.

The Court hereby ORDERS that Plaintiffs' lawsuit is DISMISSED WITHOUT PREJUDICE.

All other relief not expressly granted herein is DENIED.

---

4. Because the Court finds that Plaintiffs' Complaint fails to state a claim upon which relief can be granted, the Court declines to consider the remaining grounds for dismissal argued by Defendants.