

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-17-00040-CV

CHRISTOPHER LERON CLEGG                    APPELLANT

V.

CITY OF FORT WORTH                         APPELLEE

----------

FROM THE 48TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 048-285247-16

----------

## MEMORANDUM OPINION[1]

----------

This is an appeal from the trial court's granting of a plea to the jurisdiction.

Appellant Christopher Leron Clegg appeals the trial court's dismissal of his suit

---

[1]*See* Tex. R. App. P. 47.4.

against Appellee the City of Fort Worth (the City).[2] Because the trial court did not err by granting the City's plea to the jurisdiction, we affirm.

## I. BACKGROUND

At approximately 11:53 p.m. on the evening of May 23, 2014, a car driven by Mark Madrigal collided with a car driven by Marcy Howell. The accident occurred when Madrigal, driving northbound at a high rate of speed, ran a red light. His car collided with Howell's eastbound car as she drove through the intersection. Clegg, a passenger in Madrigal's car, suffered serious injuries as a result of the accident.

While on patrol that night, City of Fort Worth Police Officer Olimpo Hernandez witnessed the accident. Officer Hernandez had been heading eastbound slightly behind Howell's car when the collision took place. In responding to the accident, Officer Hernandez wrote a crash report in which he stated that he had detected an odor of alcohol on Madrigal's breath and had observed multiple containers of beer inside Madrigal's car. In fact, there is no dispute that Madrigal and Clegg had been drinking together prior to the accident. Madrigal had a blood-alcohol level of .10 following the accident and was arrested for driving while intoxicated and intoxication assault. Also, Clegg admitted that

---

[2]We omit Officer Olimpo Hernandez and the City of Fort Worth Police Department from the style of our opinion because Clegg does not appear to complain of the trial court's dismissal of them from the case.

his own judgment was impaired on the night of the accident after drinking several alcoholic beverages.

On May 2, 2016, Clegg filed suit against the City, the City of Fort Worth Police Department (the Police Department), and Officer Hernandez in the 48th District Court seeking past and future medical expenses, past and future physical impairment damages, loss of earnings, and past and future mental anguish damages.[3] In his petition, Clegg alleged that the City, the Police Department, and Officer Hernandez were negligent. Clegg also alleged that through Officer Hernandez's actions and omissions, the City and Police Department violated sections 101.021 and 101.0215(a)(20) and (21) of the Texas Tort Claims Act (TTCA); these allegations related to Officer Hernandez's use of his patrol vehicle equipped with warning signals and his duty to regulate traffic. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (West 2011), § 101.0215(a)(20), (21) (West Supp. 2017). In addition, Clegg asserted that the City and the Police Department were liable for Officer Hernandez's allegedly negligent actions under section 101.106(f) of the TTCA because he was acting within the scope and course of his employment when the accident took place. *See id.* § 101.106(f) (West 2011).

---

[3]A week later, on May 9, 2016, Clegg filed a separate suit in the 17th District Court against Madrigal, Pete's Dueling Piano Bar, and various unknown employees of the bar for damages caused by their allegedly negligent actions toward Clegg on the evening of the accident. Specifically, Clegg alleged that Madrigal was negligent by causing the accident that injured Clegg by driving his vehicle while intoxicated and that Pete's Dueling Piano Bar and its employees were negligent in overserving alcohol to Madrigal when he was obviously intoxicated.

3

Specifically, Clegg theorized that Officer Hernandez was negligent because he "took no affirmative action to warn [Clegg] of the impending danger or hazard created by Mr. Madrigal's reckless driving, [n]or otherwise t[ook] custody or control of Mr. Madrigal, and/or regulate[d] the movement of the Madrigal vehicle prior to the collision." Stated otherwise, Clegg alleged that the City, the Police Department, and Officer Hernandez failed to provide adequate police protection to prevent the accident caused by Madrigal.

The City first filed a motion to dismiss Officer Hernandez from the lawsuit under section 101.106(e) of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 1010.106(e) (West 2011) ("If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit."). The trial court granted the City's motion and entered an order dismissing the claims against Officer Hernandez.[4]

The City then filed a plea to the jurisdiction contending that the trial court was without jurisdiction to adjudicate Clegg's claims against the Police Department because it is merely a department of the City and not a jural entity with a capacity to be sued separately from the City. The City further asserted that Clegg's claims against the City should be dismissed for lack of jurisdiction in

---

[4]The City also filed a motion for sanctions against Clegg's attorney, arguing that the allegations in the lawsuit were groundless and devoid of any basis in law or fact. The trial court denied that motion, and the City chose not to challenge that denial on appeal.

that section 101.021 of the TTCA did not waive the City's immunity from suit because Clegg's injuries were not caused by Officer Hernandez's use of his patrol vehicle. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1)(A). Moreover, the City argued that its immunity had not been waived for Clegg's claim that Officer Hernandez breached his duty to "protect and serve" by failing to prevent the accident because, pursuant to section 101.055(3) of the TTCA, there is no waiver of immunity for claims of negligence arising from the failure to provide police protection. *See id.* § 101.055(3) (West 2011).

In a convoluted response to the plea to the jurisdiction, Clegg argued that the City waived immunity because Officer Hernandez had a duty to warn Clegg and others of the impending collision caused by Madrigal's reckless driving, and that by failing to warn, Hernandez breached his duty to serve and protect and thus violated section 101.0215(a)(20) and (21) of the TTCA related to a City's liability for damages arising from "warning signals" and "regulation of traffic." *See id.* § 101.0215(a)(20), (21).

The trial court granted the City's plea to the jurisdiction and dismissed Clegg's claims against the City and the Police Department. At Clegg's request, the trial court made findings of fact and conclusions of law. Among other things, the trial court found: (1) that the vehicles involved in the accident were not owned by or under the control of the City; (2) that neither driver was an agent or employee of the City; (3) that Madrigal ran a red light and caused the accident; (4) that the accident was not caused by the use or condition of tangible personal

5

or real property of the City; and (4) that the collision was not caused by a City employee's operation or use of a motor-driven vehicle. The trial court then concluded: (1) that Officer Hernandez had been engaged in the governmental function of police protection; (2) that Clegg's petition "fail[ed] to allege [a] negligent act on the part of a City employee in the use of a motor-driven vehicle or equipment that caused the accident in question"; (3) that Clegg's "allegations against the City amount to claims arising out of the alleged failure to provide, or method of providing, police protection"; and (4) that because Clegg's "allegations amount to complaints about the failure to provide, or method of providing police protection, there is no waiver of governmental immunity in this case."

## II.   ISSUES

On appeal, Clegg challenges the trial court's granting of the plea to the jurisdiction in favor of the City. Although Clegg's briefing is disorganized and confusing,[5] he does not appear to challenge the trial court's dismissal of the

---

[5]Clegg's briefing before this court and the trial court can best be described as a "garbled morass," and we are mindful that "it is not the Court's place to speculate or imagine what the [party's] claims may be." *Boswell v. Hon. Governor of Tex.*, 138 F. Supp. 2d 782, 785–86 (N.D. Tex. 2000) (Mahon, J.) (citation and internal quotation marks omitted). However, we are also aware that we should be reluctant to dismiss claims on appeal based on inadequate briefing or waiver. *See First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 221–22 (Tex. 2017); *Nath v. Tex. Children's Hosp.*, 446 S.W.3d 355, 365 (Tex. 2014). Therefore, we attempt to "construe [Clegg's] briefing 'reasonably, yet liberally so that his right to appellate review is not lost.'" *First United Pentecostal Church*, 514 S.W.3d at 222 (quoting *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008)). "Simply stated, appellate courts should reach the merits of an appeal whenever reasonably possible." *Perry*, 272 S.W.3d at 587.

Police Department and Officer Hernandez from the suit. Rather, the three issues that Clegg appears to raise on appeal are: (1) whether the trial court abused its discretion in limiting his allegations against the City to claims arising out of an alleged failure to provide, or method of providing, police protection; (2) whether the trial court abused its discretion in "granting" immunity to the City under section 101.021 of the TTCA for conduct arising out of Officer Hernandez's use of his patrol vehicle; and (3) whether the trial court abused its discretion in ruling that it lacked jurisdiction under section 101.0215(a) of TTCA. Cohesively stated, Clegg in essence contends that the TTCA waived the City's governmental immunity, thus allowing him to bring this negligence lawsuit.

### III. DISCUSSION

### A. Standard and Scope of Review of Pleas to the Jurisdiction

We review a trial court's ruling on a plea to the jurisdiction de novo. *City of Elsa v. Gonzalez*, 325 S.W.3d 622, 625 (Tex. 2010). When a plea to the jurisdiction challenges the plaintiff's pleadings, a court looks at the allegations in the plaintiff's pleadings, accepts them as true, and looks to the plaintiff's intent. *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 150 (Tex. 2012); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). If, however, the plea to the jurisdiction challenges the existence of jurisdictional facts, a court must also consider the relevant evidence necessary to resolve the jurisdictional issues raised. *Heckman*, 369 S.W.3d at 150; *Miranda*, 369 S.W.3d at 227.

7

A plaintiff has the burden of alleging facts that affirmatively demonstrate that the trial court has subject-matter jurisdiction. *Heckman*, 369 S.W.3d at 150. Because a governmental unit has immunity from suit, a plaintiff asserting a claim against a governmental unit must allege facts that affirmatively demonstrate that the legislature has waived immunity for the claims brought. *Univ. of Tex. at Arlington v. Williams*, 455 S.W.3d 640, 643 (Tex. App.—Fort Worth 2013), *aff'd*, 459 S.W.3d 48 (Tex. 2015). We must grant the plea to the jurisdiction if the plaintiff's pleadings affirmatively negate the existence of jurisdiction. *Heckman*, 369 S.W.3d at 150. If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency, and the plaintiff should be afforded the opportunity to amend. *Miranda*, 133 S.W.3d at 226–27.

## B.    Immunity of Municipalities

A municipality is entitled to immunity for some but not all of its functions. *Tex. Bay Cherry Hill, L.P. v. City of Fort Worth*, 257 S.W.3d 379, 388 (Tex. App.—Fort Worth 2008, no pet.). A municipality is liable for torts arising from the exercise of its proprietary functions, but it is generally immune from suit and from liability for torts arising from the exercise of its governmental functions, except for the limited waiver provided by the TTCA. *Id.* at 389. In determining whether a municipality is immune from suit, we first determine whether the governmental function at issue is governmental or proprietary. *Id.* TTCA section 101.0215 sets

out a nonexclusive list of governmental functions. Tex. Civ. Prac. & Rem. Code Ann. § 101.0215. If a function is governmental, we then determine whether the TTCA waives the municipality's immunity. *Tex. Bay Cherry Hill*, 257 S.W.3d at 388–89. The TTCA waives immunity for

> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>
>> (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
>>
>> (B) the employee would be personally liable to the claimant according to Texas law; and
>
> (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

Tex. Civ. Prac. & Rem. Code Ann. § 101.021.

## C. There is No Waiver of Governmental Immunity under the TTCA for Clegg's Claims.

### 1. The Trial Court Did Not Have Jurisdiction Over Clegg's Section 101.0215(a) Claims.

We first address Clegg's third issue that the trial court abused its discretion by ruling that it lacked jurisdiction to hear Clegg's tort claims arising under section 101.0215(a) of the TTCA. The City counters that the trial court did not err in granting the City's plea to the jurisdiction because section 101.0215 does not provide an independent basis for a waiver of governmental immunity. In reply, Clegg argues that he alleged facts that, if true, would demonstrate that Officer

9

Hernandez violated TTCA section 101.0215(a), subsections (20) and (21), while operating a motor-driven vehicle by failing to (1) activate warning flashers on his police squad car; (2) regulate the movement of the Madrigal vehicle; or (3) otherwise provide a warning to Clegg and others of an impending collision. From Clegg's reply brief, it is unclear whether he argues that section 101.0215 waives immunity for the functions listed in that section or that the acts listed in subsections (20) and (21) constitute the use of a motor-driven vehicle for purposes of section 101.021. Because we address the latter argument under his second issue below, we construe his argument under his third issue as asserting the former.

Section 101.0215 provides a list of governmental functions, including, as Clegg points out, a municipality's use of warning signals and its regulation of traffic. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.0215(a)(20), (21). But, the City is correct that while that section defines certain activities as governmental functions, it **does not** waive immunity for those functions. Instead, a municipality is liable for its performance of one of the functions listed **only** if the TTCA otherwise waives immunity for the function. *Sarigollu v. City of Arlington*, No. 02-16-00413-CV, 2017 WL 2687537, at *3 (Tex. App.—Fort Worth June 22, 2017, no pet.) (mem. op.).

Unfortunately for Clegg, while the TTCA addresses a municipality's provision of police protection, rather than waive immunity for such claims, it excludes them from the TTCA altogether. Section 101.055 unequivocally

10

provides that the TTCA does not apply to a claim arising "*from the failure to provide or the method of providing police or fire protection*." Tex. Civ. Prac. & Rem. Code Ann. § 101.055 (emphasis added). Clegg's claim based on section 101.0215 is essentially a claim that Officer Hernandez was negligent when he failed to provide police protection by failing to use his flashers and by failing to regulate traffic. The TTCA does not waive immunity for such a claim, and the trial court therefore did not err by granting the City's plea to the jurisdiction on that basis. We consequently overrule Clegg's third issue.

### 2. The Trial Court Did Not Have Jurisdiction Over Clegg's Section 101.021 Claim.

Clegg contends in his second issue that the trial court abused its discretion by granting immunity to the City pursuant to section 101.021 of the TTCA for conduct arising out of a negligent act or omission during the use or operation of the patrol vehicle driven by Officer Hernandez while he was on routine patrol. The City responds that Clegg failed to allege negligent acts on the part of a City employee in the operation of a motor vehicle that caused the accident and, therefore, there is no waiver of governmental immunity. Moreover, the uncontroverted evidence before the trial court clearly showed that no negligent act of a City employee in the operation of a motor vehicle caused the accident. We find the City's arguments to be persuasive.

The TTCA provides a specific and limited waiver of immunity for (1) personal injury or property damage resulting from the negligence of a

11

government employee in the operation or use of a motor-driven vehicle or equipment ("the motor-driven vehicle waiver") and (2) personal injury caused by the use or condition of personal or real property ("the property waiver"). *Id.* § 101.021. Here, Clegg admitted that the accident in question was not proximately caused by Officer Hernandez's use or condition of personal or real property. As a result, the property waiver does not apply, and the ability of Clegg to pursue his lawsuit is contingent upon whether the motor-driven vehicle waiver of immunity applies in this case.

For the motor-driven vehicle waiver to apply, "a nexus must exist between the operation or use of the motor-driven vehicle and the plaintiff's injuries." *City of Sugarland v. Ballard*, 174 S.W.3d 259, 265–66 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (relying on *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 543 (Tex. 2003), and *LeLeaux v. Hamshire–Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 51 (Tex. 1992)). "This nexus requires more than mere involvement of property . . . . [T]he (vehicle)'s use must have ***actually caused*** the injury." *Id.* (quoting *Whitley*, 104 S.W.3d at 543) (internal quotation marks omitted). Moreover, the Texas Supreme Court "has never held that non-use of property can support a claim under the [TTCA]" because it "would be tantamount to abolishing governmental immunity" and "contrary to the limited waiver the Legislature clearly intended." *Tex. Natural Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 869–70 (Tex. 2001) (internal citations omitted).

Here, Clegg made no allegation that any negligent act in the operation or use of a motor-driven vehicle driven by Officer Hernandez caused the accident. Rather, Clegg's petition vaguely alleged, among other things, that Officer Hernandez failed to prevent the accident because he "took no affirmative action to warn," failed to "take custody or control" of Madrigal, failed to "regulate the movement of [the Madrigal] vehicle," and failed to "serve and protect" the public. At no point in Clegg's petition does he allege a negligent act in the operation or use of a motor vehicle by a City employee that caused the accident. *See City of Kemah v. Vela*, 149 S.W.3d 199, 204 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (holding that injury of plaintiff—who was detained in negligently parked patrol car that, along with another patrol car, was struck by third-party vehicle— did not arise out of use or operation of patrol car within meaning of TTCA's motor-vehicle waiver; rather, patrol car merely furnished condition that made injury possible).  It is thus axiomatic that the motor-vehicle waiver is wholly inapplicable in these circumstances.  There is simply no nexus between the accident and Officer Hernandez's use of his patrol vehicle.  We overrule Clegg's second issue in its entirety.

### 3. The Trial Court Did Not Abuse Its Discretion by Limiting Clegg's Allegations.

Finally, in Clegg's first issue, he bafflingly asserts that the trial court abused its discretion by limiting his allegations against the City to claims arising out of an alleged failure to provide, or method of providing, police protection.  In

13

response, the City argues that the trial court did not err in granting its plea to the jurisdiction because there is no allegation of any specific negligent act of a City employee in the operation of a motor vehicle that proximately caused the accident; Clegg's allegations are simply complaints of the failure to provide, or the method of providing, police protection, for which there is no waiver of immunity under the TTCA. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.055 ("This chapter does not apply to a claim arising: . . . from the failure to provide or the method of providing police or fire protection"); *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 754 (Tex. 1995) ("'Thus, if the negligence causing an injury lies in the formulating of policy—i.e., the determining of the method of police protection to provide—the government remains immune from liability.'") (quoting *State v. Terrell*, 588 S.W.2d 784, 787–88 (Tex. 1979)).

In support of his argument that his allegations are not based solely upon his complaints of the City's failure to provide, or method of providing, police protection, Clegg relies heavily upon *State v. Terrell*, 588 S.W.2d at 787–88*.* He then concludes that "if [he] can show that a duty exists to the general public to sound a warning of an impending automobile collision which is witnessed by a police officer on routine patrol, then [he] is entitled to have a trier of fact determine whether Officer Hernandez was negligent." In the end, however, Clegg's reliance on *Terrell* is completely misplaced.

Rather, in *Terrell*, the issue was "whether the State of Texas [was] subject to liability for personal injuries resulting from a highway patrol officer's negligent

14

operation of a motor vehicle." *Id.* at 785. There, the Supreme Court of Texas determined that if the highway patrol officer was negligently carrying out policy when he pulled his patrol car into a lane of oncoming traffic in a non-emergency situation and hit a car, then the State was subject to liability for any resulting injuries. *Id.* at 785, 788. Here, of course, Clegg is not alleging that Officer Hernandez was in any way negligent in his operation or use of a motor vehicle or that he even caused the accident; the only allegation is that Officer Hernandez was somehow negligent, as a passive observer of an accident, for failing to warn Clegg that he might be involved in an accident after he chose to be a passenger in a vehicle with an intoxicated driver. Without question, this allegation arises only out of an alleged failure to provide, or the method of providing, police protection. Thus, there is no waiver of immunity, and the trial court did not abuse its discretion in granting the City's plea to the jurisdiction. Clegg's argument is frivolous, and we therefore overrule his first issue.

## IV. CONCLUSION

Having overruled Clegg's three issues, we affirm the trial court's order granting the City's plea to the jurisdiction.

15

/s/ Mark T. Pittman
MARK T. PITTMAN
JUSTICE

PANEL:  SUDDERTH, C.J.; KERR and PITTMAN, JJ.

DELIVERED:  December 14, 2017