

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-17-00321-CV

———————————————————

HENRY THIESSEN, Appellant

V.

FIDELITY BANK, Appellee

On Appeal from the 78th District Court
Wichita County, Texas
Trial Court No. 184,975-B

Before Sudderth, C.J.; Gabriel and Pittman, JJ.
Memorandum Opinion by Justice Pittman

## MEMORANDUM OPINION

Appellant Henry Thiessen appeals from the trial court's judgment confirming the arbitration award in favor of Appellee Fidelity Bank. Thiessen did not adequately brief his complaints on appeal, and he did not preserve his appellate complaints in the trial court. We therefore affirm.

## BACKGROUND

Between 2013 and 2014, Thiessen and Fidelity entered into three commercial loans for which Thiessen's real property and some of his personal property (equipment and inventory) served as collateral. With each loan, Thiessen signed an arbitration agreement. Each arbitration agreement provided that the Federal Arbitration Act would govern the interpretation and enforcement of the agreement. *See* 9 U.S.C.A. § 2 (West 2009) (providing that a written agreement to submit a controversy to arbitration is valid and enforceable).

Thiessen defaulted on the loans, and on August 2, 2016, Fidelity foreclosed on Thiessen's real property. That same day, Thiessen sued Fidelity for fraud in the inducement, breach of homestead rights, wrongful foreclosure, breach of contract, unjust enrichment, negligent misrepresentation, and to quiet title, arising out of the three loans. He alleged, among other facts, that he has a limited ability to read and write and, as such, could not assent to the loans' terms. Fidelity counterclaimed to recover the unpaid balance on the loans, for injunctive relief to compel Thiessen to

2

surrender the personal property collateral, and to evict Thiessen from the real property on which Fidelity had foreclosed.

Fidelity then moved to compel arbitration. The trial court ordered arbitration, prompting Thiessen to file a motion for permission to appeal the order and to stay arbitration. The trial court denied the motion, and the case proceeded to arbitration.

The arbitrator signed its Final Award on June 28, 2017. In the award, the arbitrator granted judgment for Fidelity in the amount of $224,285.37, plus attorney's fees of $38,859.71 and arbitration fees of $6,013.75. It further declared that Fidelity was entitled to foreclose on the personal property collateral.

On July 20, 2017, Fidelity filed its "Motion to Confirm Arbitration Award and Enter Judgment" in the trial court. The trial court set the motion for a hearing. On August 10, 2017, Thiessen, now proceeding pro se, filed a "Motion to Lift Prohibition for Permanent Injunction" that included an objection to Fidelity's motion to confirm the arbitration award. The motion asserted that Thiessen "has and will suffer immediate irreparable and substantial harm and injury if he is required to either [ac]cept or reject [the] order of Arbitration judgment."

The trial court granted Fidelity's motion to confirm the arbitrator's award and rendered judgment in accordance with the award. Thiessen then appealed.

**DISCUSSION**

**I.    The Trial Court Has Limited Discretion to Deny Arbitration or to Refuse to Confirm an Arbitration Award.**

When claims fall within the scope of a valid arbitration agreement and one party moves for arbitration, the trial court generally must compel arbitration unless the other party shows that the movant has waived its right to arbitration. *See* 9 U.S.C.A. § 3 (West 2009) (providing that, upon application of one of the parties, a trial court shall stay proceedings until after arbitration in accordance with the parties' agreement); *see also G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 511 (Tex. 2015) (noting that a party may waive arbitration through conduct or through a clear repudiation of the right); *In re Halliburton Co.*, 80 S.W.3d 566, 572 (Tex. 2002) ("[C]ourts may consider both procedural and substantive unconscionability of an arbitration clause in evaluating the validity of an arbitration provision."). Similarly, when a party moves to confirm an arbitration award, the trial court must confirm the award except in specific circumstances provided for by statute.[1] *See* 9 U.S.C.A. §§ 10–

---

[1]Under the FAA, an arbitrator's award may be vacated on the following grounds: (1) "where the award was procured by corruption, fraud, or undue means"; (2) "where there was evidence of partiality or corruption" in any of the arbitrators; (3) where the arbitrators were guilty of misconduct or other misbehavior that prejudiced the rights of a party; or (4) where the arbitrators exceeded their powers or "so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C.A. § 10. An arbitrator's award may be modified or corrected if (1) "there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award"; (2) the arbitrators rendered an award on a matter not

4

11 (West 2009) (listing grounds for vacating, modifying, or correcting an arbitration award); *see also Prescription Health Network, LLC v. Adams*, No. 02-15-00279-CV, 2017 WL 1416875, at \*3 (Tex. App.—Fort Worth Apr. 20, 2017, pet. denied) (mem. op.) ("An arbitration award governed by the FAA must be confirmed unless it is vacated, modified, or corrected under certain limited grounds." (citations omitted)); *Hughes Training, Inc. v. Cook*, 148 F. Supp. 2d 737, 742 (N.D. Tex.) ("[R]eview of an arbitration award is extraordinarily narrow under the FAA"), *aff'd*, 254 F.3d 588 (5th Cir. 2001), *cert. denied*, 534 U.S. 1172 (2002). Under the Federal Arbitration Act, "a party who fails to timely seek to vacate, modify, or correct an arbitrator's award forfeits his right to seek judicial review of the award." *Reitman v. Yandell*, No. 02-17-00245-CV, 2018 WL 1324775, at \*1 (Tex. App.—Fort Worth Mar. 15, 2018, no pet.) (mem. op.).

## II.   The Trial Court Did Not Err When It Confirmed the Arbitration Award.

In Thiessen's second amended brief, he raises two issues: (1) whether the trial court erred in excluding critical evidence presented at trial, and (2) whether there was factually sufficient evidence to support the trial court's judgment. He contends that the trial court excluded and failed to consider "critical evidence that was never presented because [Fidelity's attorney] persuaded the Court to proceed with Arbitration."

submitted to them; or (3) "the award is imperfect in matter of form not affecting the merits of the controversy." *Id.* § 11.

Thiessen does not dispute that the loan agreements that form the basis of the dispute contained arbitration agreements or that the claims of the parties fell within the scope of the agreements. *See* 9 U.S.C.A. § 3. Although he asserts that the trial court failed to consider evidence, he does not identify what evidence the trial court should have considered. He does not tell us whether that evidence related to the arbitrability of the dispute. And importantly, Thiessen does not argue any of the limited grounds on which a trial court may decline to confirm an arbitration award. *See* 9 U.S.C.A. §§ 10–11. Accordingly, he has waived his issues by inadequately briefing them. *See* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *Allegiance Hillview, L.P. v. Range Tex. Prod., LLC*, 347 S.W.3d 855, 873 (Tex. App.—Fort Worth 2011, no pet.) (holding that an inadequately briefed issue had been waived on appeal).

Further, although Thiessen filed his "Motion to Lift Prohibition for Permanent Injunction" objecting to confirmation of the award on the ground of hardship, he did not set out any statutory grounds for vacating, modifying, or correcting the arbitrator's award. *See* 9 U.S.C.A. §§ 10–11; *Prescription Health*, 2017 WL 1416875, at *5 (holding that sections 10 and 11 contain the exclusive and explicit grounds for vacating or modifying an arbitration award under the FAA). Nor did he raise any of the statutory grounds in any other motion presented to the trial court. *See* 9 U.S.C.A. § 12 (West 2009) (setting out a three-month limitations period for a party to move to

vacate, modify, or correct an arbitration award). The trial court was therefore required to confirm the award. *Reitman*, 2018 WL 1324775, at *1 (noting that a trial court must confirm an arbitration award under the FAA unless statutory grounds are offered for vacating, modifying, or correcting the award). Thus, even if we construe Thiessen's argument on appeal that "[t]he trial judge erred in excluding and failing to consider critical evidence" as an argument that the *arbitrator* "refus[ed] to hear evidence pertinent and material to the controversy," *see* 9 U.S.C.A. § 10(a)(3) (listing an arbitrator's refusal to hear pertinent, material evidence as a ground for vacating an arbitration award), we may not reverse the trial court's judgment on that ground because Thiessen failed to raise it in the trial court. *See In re L.M.I*, 119 S.W.3d 707, 711 (Tex. 2003) (holding that, to preserve argument for appellate review, party must present it to trial court, state specific grounds therefore, and obtain ruling); *Human Biostar, Inc. v. Celltex Therapeutics Corp.*, 514 S.W.3d 844, 850 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) ("A party seeking to vacate an arbitration award must present any grounds for doing so to the trial court, otherwise, those complaints are waived on appeal."); *see also Hooper v. Brinson*, 2 Tex. 185, 188 (1847) (holding that a party's failure to object to the arbitration award on a specific ground precluded the party from asserting the ground as error on appeal).

We are mindful of the difficulties that pro se litigants face. However, we may not make Thiessen's arguments for him, and we may not consider arguments he did not preserve. *See* Tex. R. App. P. 33.1(a); *Yeldell v. Denton Cent. Appraisal Dist.*, No. 2-

7

07-313-CV, 2008 WL 4053014, at \*2 (Tex. App.—Fort Worth Aug. 29, 2008, pet. denied) (mem. op.) (noting that the appellant's brief was "so inadequate that we would have to make her legal arguments for her" and that pro se litigants are held to the same standards as licensed attorneys); *cf. Boswell v. Hon. Governor of Tex.*, 138 F. Supp. 2d 782, 785 (N.D. Tex. 2000) (Mahon, J.) ("Even pro se litigants . . . must abide by the . . . Rules of Civil Procedure."). Accordingly, we overrule both his issues on appeal.

## <u>CONCLUSION</u>

Having overruled both of Thiessen's issues, we affirm the trial court's judgment confirming the arbitration award.

/s/ Mark T. Pittman
Mark T. Pittman
Justice

Delivered:  November 15, 2018