**Opinion filed August 7, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-23-00190-CV

_____

## CAROL JOHNENE MORRIS, Appellant

## V.

## CITY OF MIDLAND, TEXAS; J.M. COX RESOURCES; AND I.C.E.E.D., INC., Appellees

**On Appeal from the 238th District Court**
**Midland County, Texas**
**Trial Court Cause No. CV59879**

### M E M O R A N D U M   O P I N I O N

Appearing pro se both at trial and on appeal, Appellant, Carol Johnene Morris, filed suit against several defendants[1] alleging that they committed "wrongful acts"

---

[1]The defendants sued by Appellant are as follows: "City of Midland, Texas; BP America Prod. Co.: J. M. Cox Resources; Endeavor Energy Resources, Autry Stephens, L. P., Atmos Energy; Midland Central Appraisal District; David H. Arrington Oil & Gas Operating, L.L.C., Midland-Petro D.C. Partners, L.L.C., Permian Deep Rock Drilling, L.L.C., 3 Platinum, L.L.C., and David H. Arrington; and Pioneer Natural Resources."

and that they "[refused] to recognize and pay funds" owed to Appellant "for theft of minerals." She also alleged that the defendants "falsely arrested, maliciously prosecuted, wrongfully convicted, illegally sentenced, and wrongfully imprisoned her." The three Appellees in this appeal, the City of Midland (the City), J.M. Cox Resources, and I.C.E.E.D., Inc., filed motions to dismiss under Rule 91a. *See* TEX. R. CIV. P. 91a. The trial court granted Appellees' motions, severed the claims against them, and entered a final judgment in their favor.

Appellant brings four issues on appeal. We affirm the trial court's dismissal under Rule 91a of Appellant's claims against Appellees.

*Background Facts*

Appellant filed the underlying lawsuit in 2023. She purported to allege three causes of action in her petition: "malice and felony theft," "fraudulent concealment," and "conspiracy." Appellant stated the basic factual premise of her suit as follows:

> This dispute arises out of the wrongful acts of the Defendants and their refusal to recognize and pay funds owed to [Appellant] for theft of minerals in connection with violations of Title 28 U.S.C. §1358, Eminent Domain Statute, and U.S.C.A. Commerce Clause, art. 1, Sec. 8, cl. 3. . . .
>
> The same conspirators that illegally deprived [Appellant] of her Entitlement to just compensation; also, falsely arrested, maliciously prosecuted, wrongfully convicted, illegally sentenced, and wrongfully imprisoned her.

In support of these claims, Appellant alleged factual matters beginning in 1981. The bulk of the factual matters pleaded by Appellant are alleged to have begun occurring in 2001. The genesis of Appellant's "theft" claim is her allegation that the City "illegally executed" a "right-of-way license" on September 11, 2001.[2] With respect

---

[2]Appellant filed a federal lawsuit in 2020 against Appellees alleging the same general allegation. The federal district court described her claim in the following manner: "Plaintiff alleges that, on

to Cox and I.C.E.E.D., other than naming them as defendants, Appellant does not assert any specific allegations against them. She alleges generally that Cox and I.C.E.E.D., along with all of the other defendants, "stole" her "minerals and properties while she was incarcerated . . . without notification, authorization[,] nor just compensation."

With respect to Appellant's claim for "malice and felony theft," she alleges two general claims: 1) the wrongful taking of her property interests, and 2) a claim that is best described as a claim for malicious prosecution. With respect to her claim of "fraudulent concealment," Appellant is not asserting a separate claim, but rather she is apparently asserting it as a defensive measure. In this regard, "fraudulent concealment estops the defendant from relying on the statute of limitations as an affirmative defense to [the] plaintiff's claim." *Marcus & Millichap Real Estate Inv. Services of Nevada, Inc. v. Triex Tex. Holdings, LLC*, 659 S.W.3d 456, 463 (Tex. 2023) (quoting *Comput. Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 456 (Tex. 1996)). Appellant premised her claim of fraudulent concealment on the fact that the former city attorney for the City in 2001, the Honorable Keith Stretcher, was appointed to this court in 2019.

Appellant stated her conspiracy claim in its entirety as follows:

> The same judge[3] that corruptly issued to conspirators temporary restraining order (i.e., for oil and gas companies to drill for oil and gas) against plaintiff in violation of her substantive due process to her properties and minerals; also, falsely arrested, maliciously prosecuted,

---

September 11, 2001, the City illegally issued a right of way license on Plaintiff's property to Western Gas Resources, then to Anadarko, and later to Occidental Petroleum." *Morris v. City of Midland, Tex.*, No. MO:20-CV-00120-DC, 2021 WL 2953686, at *1 (W.D. Tex. May 20, 2021). Morris references the 2020 federal litigation in her petition, along with another federal lawsuit she filed in 2008 against the same defendants.

[3]Based on her brief, Appellant is referencing the Honorable Rodney Satterwhite, the former presiding judge of the 441st District Court of Midland County.

wrongfully convicted, illegally sentenced, and wrongfully imprisoned her. RE: CR 36,894; The State Of Texas v. Carol Johnene Morris, re-indictment filed March 31, 2010, in the 441st Judicial District Court, Midland County, Texas.[4]

We note in this regard that "civil conspiracy is not an independent tort," but rather it is a theory of derivative tort liability. *See Agar Corp., Inc. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 142 (Tex. 2019).

*Analysis*

Under Rule 91a, "a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact." TEX. R. CIV. P. 91a.1. As specified in the rule: "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* "A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." *Id.*

We review the trial court's rulings on a Rule 91a motion to dismiss de novo. *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam). "We look solely to the pleading and any attachments to determine whether the dismissal standard is satisfied." *Estate of Savana*, 529 S.W.3d 587, 592 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *accord Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). To determine if the cause of action has a basis in law or fact, we construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *Wooley*, 447 S.W.3d at 76. Under a Rule 91a de novo review, "the availability of a remedy under the facts alleged is a question of law and the rule's factual-plausibility standard is akin to a legal-sufficiency review." *Sanchez*, 494 S.W.3d at 724.

---

[4]We affirmed Appellant's conviction for felony theft by deception arising from trial court cause no. 36894 in *Morris v. State*, No. 11-10-00249-CR, 2012 WL 424923 (Tex. App.—Eastland Feb. 9, 2012, pet. ref'd) (mem. op., not designated for publication).

Rule 91a also "permits motions to dismiss based on affirmative defenses." *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 656 (Tex. 2020). In ruling on a Rule 91a motion, the trial court "may not consider evidence" and "must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits" permitted by the Texas Rules of Civil Procedure. TEX. R. CIV. P. 91a.6; *see also Bethel*, 595 S.W.3d at 654. But "[i]n deciding a Rule 91a motion, a court may consider the defendant[s'] pleadings if doing so is necessary to make the legal determination of whether an affirmative defense is properly before the court." *Bethel*, 595 S.W.3d at 656. A trial court may grant a Rule 91a motion to dismiss based on an affirmative defense if it meets the rule's standard. *Id.*

Appellant states her first two issues as follows:

> **Issue 1**: Judge Rodney Satterwhite of the 441st Judicial District Court, Midland County Texas, conspired with the Defendants to violate Appellant Carol Johnene Morris's, TDCJ-ID #1681899 fundamental rights and her substantive due process to her minerals and properties.

> **Issue 2**: Appellant Carol Johnene Morris is "actually innocent" of the substantive offense of 'Theft By Deception' Over $1500 But Less Than $20,000; pursuant to TEX. Penal Code **§31.10**; and "actually innocent" of being a habitual offender with a 20-yrs. enhanced sentence under TEX. Penal Code **§12.42(a)(2)**.

As stated and argued by Appellant, these two issues do not directly address the trial court's order dismissing her case or the application of Rule 91a. Appellant's first issue is a restatement of some of the claims she asserted below in the trial court. Appellant's second issue is an "actual-innocence" claim that is the proper subject of a postconviction habeas corpus proceeding. *See Ex parte Brown*, 205 S.W.3d 538, 544 (Tex. Crim. App. 2006). Because Appellant's first and second issues do not challenge the trial court's dismissal under Rule 91a and do not affect the final

5

disposition of this appeal, we will not address them. *See* TEX. R. APP. P. 47.1 (The court of appeals must issue an opinion that addresses every issue raised that is "necessary to final disposition of the appeal.").

Appellant asserts in her third issue that the trial court violated her "substantive right to a Jury Trial under Article 5 §10 and Article 1 §15 of the Texas Constitution." We construe this issue as a challenge to the trial court's order dismissing Appellant's claims against Appellees under Rule 91a.

With respect to her claim that the trial court violated her right to a jury trial by dismissing her claims against Appellees, we recently addressed a similar contention in *Aaron v. Caddo Minerals, Inc.*, No. 11-22-00020-CV, 2023 WL 5622115, at *10 (Tex. App.—Eastland Aug. 31, 2023, pet. denied). We held in *Aaron* that a dismissal under Rule 91a does not violate a litigant's constitutional right to a jury trial. *Id.*; *see also Bliss v. NRG Indus.*, 162 S.W.3d 434, 437 (Tex. App.—Dallas 2005, pet. denied) (holding that a summary judgment does not violate a party's constitutional right to trial by jury). We reaffirm our determination in *Aaron* by holding that a dismissal under Rule 91a does not violate a litigant's constitutional right to trial by jury. *See Aaron*, 2023 WL 5622115, at *10.

A Rule 91a motion to dismiss must identify each cause of action being challenged and must state specific reasons why the challenged causes of action have no basis in law or fact. TEX. R. CIV. P. 91a.2. The City based its Rule 91a motion to dismiss on the contention that Appellant's complaint was deficient because it was devoid of supporting facts to support her conclusory allegations. The City also asserted the affirmative defenses of res judicata and limitations in its motion to dismiss. Cox's motion to dismiss was similar to the City's motion because it alleged the same affirmative defenses, and it adopted the City's motion. Cox also asserted that Appellant did not allege that Cox did anything that would give rise to her claims

against Cox, and that she only mentioned Cox four times in her petition. In its motion to dismiss, I.C.E.E.D. alleged that Appellant did not assert any causes of action against it, and that I.C.E.E.D. is barely mentioned in the petition. I.C.E.E.D. cited *Guillory v. Seaton, LLC*, 470 S.W. 3d 237, 240 (Tex. App.—Houston [1st Dist.] 2015, pet. denied) for the proposition that a cause of action has no basis in law under Rule 91a if the petition alleges too few facts to demonstrate a viable, legally cognizable right to relief.

We first address Cox's and I.C.E.E.D.'s contention that Appellant did not allege sufficient facts to state causes of action against them. As previously noted, Appellant listed Cox and I.C.E.E.D. as defendants along with several other parties. Appellant went to great lengths to list numerous facts spanning over forty years and she identified various parties allegedly involved in those factual allegations. But she did not allege any specific acts against Cox and I.C.E.E.D. Instead, she included Cox and I.C.E.E.D. in her broad allegation that they and fourteen other defendant's "stole" her mineral and properties while she was incarcerated. Presumptively, Appellant included Cox and I.C.E.E.D. in the group of "conspirators" that "falsely arrested, maliciously prosecuted, wrongfully convicted, illegally sentenced, and wrongfully imprisoned her."

The Texas Supreme Court recently addressed the pleading requirements to overcome a "no basis in law" challenge under Rule 91a in *In re First Reserve Management, L.P.*, 671 S.W.3d 653, 661–62 (Tex. 2023). The court noted that "allegations must satisfy our notice-pleadings rules, which require pleadings to not only give notice 'of the claim and the relief sought' but also of the essential factual allegations." *Id.* (quoting *Kinder Morgan SACROC, LP v. Scurry County*, 622 S.W.3d 835, 849 (Tex. 2021)). "The plaintiff must plead 'the essential factual allegations supporting those claims[,]' which must be sufficient to support a

judgment if ultimately proven." *Id.* at 662 (quoting *Kinder Morgan*, 622 S.W.3d at 849). "The key inquiry is whether the opposing party 'can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant.'" *Kinder Morgan*, 622 S.W.3d at 849 (quoting *DeRoeck v. DHM Ventures, LLC*, 556 S.W.3d 831, 835 (Tex. 2018)).

With respect to Appellant's claim that the defendant's "stole" her real property, she has not alleged any facts that would support a cognizable claim against Cox and I.C.E.E.D that would either support a judgment against them or provide them with notice of the nature of the claim against them. *See In re First Reserve*, 671 S.W.3d at 661–62. As far as Cox and I.C.E.E.D. are concerned, Appellant took a "shotgun approach" of lumping them in with several other defendants by filing "a conclusory pleading asserting numerous causes of action against numerous defendants without differentiating or further explaining their various roles and actions." *See Nickerson v. T.D.C.J.-I.D.*, No. 09-06-197 CV, 2007 WL 3306703, at *4 (Tex. App.—Beaumont Nov. 8, 2007, no pet.) (mem. op.) (noting that pleadings of this type are subject to sanctions) (citing *Bradt v. Sebek*, 14 S.W.3d 756, 770 (Tex. App–Houston [1st Dist.] 2000, pet. denied)); *see also Boswell v. Honorable Governor of Tex.*, 138 F.Supp.2d 782, 785–786 (N.D. Tex. 2000) (dismissing claims after finding that plaintiffs adopted a "shot-gun approach" to pleadings, which failed to state why defendants had been included in lawsuit or the specific acts which formed the basis for the defendants' potential liability).

Appellant's claim for malicious prosecution suffers from the same pleading deficiencies. Appellant has not pleaded any facts that implicate Cox, I.C.E.E.D., or the City in reference to her criminal prosecutions to the extent that they initiated or procured her prosecutions. *See Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 792 n.3 (Tex. 2006) (listing the elements of a malicious prosecution claim). Without

facts being alleged that indicate Appellees' connection to Appellant's criminal prosecutions, Appellant's inclusion of Appellees as defendants exceeds the "factual-plausibility standard" to the point of having no basis in fact. *See Sanchez*, 494 S.W.3d at 724. Further, one of the elements of a cause of action for malicious prosecution is that the prosecution terminated in favor of the plaintiff. *Suberu*, 216 S.W.3d at 792 n.3. Appellant did not plead that her criminal prosecutions ended in her favor.

Cox and the City also asserted the affirmative defenses of res judicata and limitations in their motions to dismiss. We conclude that Appellant's claims are time-barred without reaching the res judicata claims. Statutes of limitations are intended to compel plaintiffs to assert their claims "within a reasonable period while the evidence is fresh in the minds of the parties and witnesses." *Comput. Assocs.*, 918 S.W.2d at 455.

Appellant's claim that Appellees "stole" her mineral interests with respect to Cox and I.C.E.E.D. appears to be in the nature of a claim for trespass to try title or perhaps a claim for fraud.[5] The limitations period for an action for trespass to real property is two years. TEX. CIV. PRAC. & REM. CODE § 16.003(a) (West 2017); *Agar Corp.*, 580 S.W.3d at 139. The limitations period for a fraud action is four years. Civ. PRAC. & REM. § 16.004(a)(4) (West 2025); *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 216 (Tex. 2011). As noted previously, Appellant alleges matters beginning in 2001 with respect to any entity taking her property. The last property taking she alleged occurred in 2011. Thus, Appellant's own pleadings establish that limitations have expired for her takings claims against Cox and I.C.E.E.D.

---

[5]Texas does not recognize a cause of action for conversion of real property. *See Corral-Lerma v. Border Demolition & Environmental Inc.*, 467 S.W.3d 109, 122 (Tex. App.—El Paso 2015, pet. denied).

With respect to the City, Appellant's claims against the City are based on a right-of-way agreement that the City is alleged to have executed in 2001. A takings claim premised on a governmental entity's taking of real property is governed by the ten-year limitations period to acquire land by adverse possession. *City of Justin v. Rimrock Enters., Inc.*, 466 S.W.3d 269, 279 (Tex. App.—Fort Worth 2015, pet. denied); *Trail Enters., Inc. v. City of Houston*, 957 S.W.2d 625, 631 (Tex. App.— Houston [14th Dist.] 1997, pet. denied); *see* CIV. PRAC. & REM. § 16.026. Accordingly, limitations on Appellant's takings claim against the City expired in 2011.

Appellant's prior federal suits against Appellees establish that Appellant was aware of her taking claims prior to this litigation. Additionally, the appointment of the City's attorney as a justice on this court in 2019 occurred well after the applicable ten-year limitations period for bringing a takings claim against the City.

The limitations period for a suit for malicious prosecution is one year. CIV. PRAC. & REM. § 16.002(a); *Mead v. Property Owners' Ass'n of Terlingua Ranch, Inc.*, 410 S.W.3d 434, 437 (Tex.App.—El Paso 2013, no pet.). The criminal prosecutions which Appellant alleges all occurred more than one year prior to Appellant filing suit. As such, her claim for malicious prosecution is time-barred.

We overrule Appellant's third issue.

In her fourth issue, Appellant asserts that the trial court's order of dismissal was the result of "corruption, fraud, and other means." While this issue appears to challenge the dispositive order entered by the trial court, it does not address the merits of the dismissal under Rule 91a. As such, we do not address Appellant's fourth issue because it is not necessary for the disposition of this appeal. *See* TEX. R. APP. P. 47.1.

10

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

CHIEF JUSTICE


August 7, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Wright, S.C.J.[6]

Williams, J., not participating

---

[6]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.